IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:20-00874-CV-RK |
| | ) | |
| JAMES B. NUTTER & COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Now before the Court are two discovery disputes. The first concerns Defendant's request for production of certain documents and information relating to the Housing and Urban Development Office of Inspector General's (HUD-OIG) investigation of Defendant. Second, while the parties have largely agreed to entry of a stipulated joint protective order, they disagree on language in a specific provision concerning the process, if any, for intragovernmental sharing of information Plaintiff obtains in discovery. The Court held a discovery dispute teleconference on September 14, 2021 and now makes these rulings.

**I.    Defendant's Request for Production/Interrogatory**

The first discovery dispute concerns interviews conducted by HUD-OIG in its investigation of Defendant. It appears these interviews occurred around 2017 and focused on former employees and independent contractors of Defendant. Defendant seeks the production of documents including interview notes, summaries, and memoranda of these interviews, as well as the identities of persons interviewed or contacted by HUD-OIG in its investigation, the dates and locations of the contacts, whether discussions occurred and the subject of any discussions, and the identities of all participants in the interviews or discussions. The parties agree that, to date, and in partial response to these discovery requests, Plaintiff has submitted a list of names of individuals that the Government interviewed, the dates of the interviews, and the interviewees' last-known addresses. Plaintiff asserts the work product doctrine as to the remaining information and production requested, including: the names of all participants in the interviews, the dates of any interviews, the subject matter of the interviews, and any memoranda, notes, or summaries produced from these interviews. During the discovery dispute hearing by teleconference, Plaintiff estimated that approximately twenty individuals were interviewed in the course of HUD-OIG's investigation,

and that, of these individuals, five have produced declarations that have been produced to Defendant.

Generally, the Federal Rules of Civil Procedure allow for liberal discovery. *See Miscellaneous Docket Matter 1 v. Miscellaneous Docket Matter 2*, 197 F.3d 922, 925 (8th Cir. 1999). The scope of discovery as set forth in Rule 26(b)(1) provides that information is discoverable if it is relevant to any party's claim or defense and is proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). The rule vests the district court with broad discretion in regulating discovery. *See* 2015 Amendments to Fed. R. Civil. P. 26, advisory committee's notes. Rule 26 provides, however, that "a party may not discover documents and tangible things that are prepared in anticipation of litigation . . . by or for another party or its representative (including the other party's attorney . . . or agent)." Rule 26(b)(3)(A). Such material *is* discoverable, though, so long as it satisfies Rule 26(b)(1) and the party seeking the discovery "shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Rule 26(b)(3)(A)(i) & (ii). Rule 33 provides for the submission, to another party, of interrogatories "that relate to any matter that may be inquired into under Rule 26(b)." Rule 33(a)(2). Thus, interrogatories sought under Rule 33 are limited, if at all, by the provisions of proper matters that may be inquired into as established in Rule 26(b), including Rule 26(b)(3)(A)'s privilege limitation.

Plaintiff argues that the requested information it has refused to provide is privileged under the work product doctrine (under Rule 26(b)(3)). Defendant argues the discovery not yet produced is "fact work product," not "opinion work product," and is therefore discoverable. After careful review of the parties' briefing submitted prior to the discovery dispute and consideration of the parties' arguments during the discovery dispute hearing, the Court finds that, at this time, Defendant is not entitled to discovery of the requested material and information as protected opinion work product. *See Hickman v. Taylor*, 329 U.S. 495 (1947) (holding that privileged work product, including "written statements, private memoranda and personal recollections prepared or formed by an adverse party's counsel" not discoverable absent a showing of necessity or justification); *In re Murphy*, 560 F.2d 326, 334 (8th Cir. 1977) (noting that Rule 26(b)(3) as originally adopted codified *Hickman*). The Court finds that the requested discovery material at issue here is privileged opinion work product. *See In re Green Grand Jury Proceedings*, 492 F.3d 976, 980 (8th Cir. 2007) (distinguishing between "ordinary work product, which includes 'raw

factual information,' and opinion work product, which encompasses 'counsel's mental impressions, conclusions, opinions or legal theories'") (citation omitted); *Shelton v. American Motors Corp.*, 805 F.2d 1323, 1328-29 (8th Cir. 1986) (in-house counsel's selective recollection of the existence and review of certain documents and memoranda is privileged opinion work product); *Murphy*, 560 F.2d at 334 & 336; *Nat'l Labor Relations Bd. v. Constr. & Gen'l Laborers Union Local No. 1140, Afl-Cio*, No. 19297, 1971 WL 10972, at *2 (8th Cir. Oct. 26, 1971). At this time, because the Court finds that the subject discovery materials constitute opinion work product, such information and production is not, without something more, discoverable under Rule 26(b).[1]

## II. Protective Order

The second question at bar is whether a provision relating to intragovernmental disclosure of information should be allowed in the parties' otherwise agreed-to protective order. Under Rule 26(c), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . .[.]" Fed. R. Civ. P. 26(c). To make the requisite showing of good cause, the moving party must make "a particular and specific demonstration of fact, as distinguished from stereotype and conclusory statements." *Gulf Oil Co. v. Bernard,* 452 U.S. 89, 102 n.16 (1981) (citations omitted). "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).[2]

After review of the parties' argument and balancing the asserted interests, the Court finds at this juncture that the language proffered by the Government allowing for intragovernmental sharing of information is warranted. *See generally United States ex rel. Kaplan v. Metro. Ambulance & First-Aid Corp.*, 395 F.Supp.2d 1, 5 (E.D. N.Y. Oct. 26, 2005) (Defendants' proposed protective order conflicted with the government's ability to carry out its oversight role); *United States ex rel. Bruno v. Schaeffer*, CV 16-1-BAJ-RLB, 2020 WL 2070243, at *3 (M.D. La. Apr. 29, 2020) (requested disclosures may be made to the United States' attorneys and/or federal

---

[1] Consistent with Rule 26(b)(5), the Court ordered that Plaintiff produce a privilege log regarding the disputed discovery. This ruling is subject to reconsideration on the Court's own motion or by motion of the parties at a later time.

[2] The Court disagrees with Defendant's contention that it is Plaintiff's burden to establish good cause for the intragovernmental provision. The provision allows for sharing of information learned during litigation, and thus omitting the provision would benefit Defendant. Regardless, even if the burden is Plaintiff's, the Court finds the burden satisfied.

3

investigators conducting the criminal investigation); *United States v. Talco Contractors, Inc.*, 153 F.R.D. 501, 515 (W.D.N.Y. 1994) (naked desire to avoid prosecution is not sufficient good cause in itself to warrant issuance of a protective order).

At this time, the language proffered by Plaintiff may be included in the parties' otherwise agreed-to protective order.

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED:  September 16, 2021