# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:20-cv-00874-RK |
| ) | |
| JAMES B. NUTTER & COMPANY, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Now before the Court is the Government's motion to strike certain affirmative defenses contained in James B. Nutter & Company's ("Nutter") answer to the Government's complaint. (Doc. 67.) The motion is fully briefed. (Docs. 71, 77.) Specifically, the Government asks the Court to strike the following affirmative defenses Defendant Nutter pleads in its answer: 1-4, 8-10, 12-16, 19, and 22. After careful consideration, and for the reasons set forth below, the motion is **GRANTED in part** and **DENIED in part**. Because striking a pleading is disfavored, however, Nutter will be granted fourteen days to amend its answer and replead its affirmative defenses as set forth below.

## Legal Standard

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, a court may strike from a pleading an insufficient affirmative defense or "any redundant, immaterial, impertinent, or scandalous matter." While courts have "liberal discretion" to strike pleadings under Rule 12(f), striking a party's pleading is an "extreme measure" that is "viewed with disfavor and infrequently granted." *Stanbury Law Firm, P.A. v. IRS*, 221 F.3d 1059, 1063 (8th Cir. 2000) (citations and quotation marks omitted).

## Discussion

### I. Affirmative Defenses 1, 4, and 15 – Failure to State a Claim

Nutter's first, fourth, and fifteenth affirmative defenses state the Government's claims are barred because it failed to state a claim upon which relief can be granted or failed to properly plead the claims asserted against Nutter. The Government argues this Court has previously rejected this argument in its order denying Nutter's motion to dismiss. (*See* Doc. 55.) Nutter argues, notwithstanding the Court's ruling on its earlier motion to dismiss, it may nonetheless show in the

later stages of this case that the pleadings in the Complaint were pleaded inadequately and should be dismissed. (Doc. 71 at 3.) Nutter's argument is generally well taken. Orders denying a defendant's motion to dismiss for failure to state a claim are interlocutory orders. *See also Hafley v. Lohman*, 90 F.3d 264, 266 (8th Cir. 1996) (order denying motion to dismiss for failure to state a claim is not a final appealable judgment). At the same time, however, because the defense of failure to state a claim is not a proper affirmative defense, *see Service Management Group, LLC v. YouGov America, Inc.*, No. 4:18-00819-CV-RK, 2020 WL 9171205, at *1 (W.D. Mo. April 23, 2020), Nutter's Answer should be amended to remove these defenses from the heading "Affirmative Defenses." *See U.S. Bank Nat'l Ass'n v. Educ. Loans, Inc.*, No. 11-1445 (RHK/JJG), 2011 WL 5520437, at *6 (D. Minn. Nov. 14, 2011). Subject to this amendment, the Government's motion to strike affirmative defenses 1, 4, and 15 is **GRANTED**.

## II. Affirmative Defenses 2, 8, and 16 – Equitable Doctrines

Next, the Government asks the Court to strike Nutter's second, eighth, and sixteenth affirmative defenses as "legally flawed." In affirmative defenses nos. 2 and 8, Nutter pleads the Government's claims are barred by the doctrines of waiver, estoppel, abandonment, ratification (and/or, specifically, consent to the specific transactions or occurrences in this case), judicial estoppel, accord and satisfaction, and res judicata. In affirmative defense no. 16, Nutter pleads the Government's claims are barred by the doctrine of unclean hands and unjust enrichment.

The Government first argues, broadly, by operation of the Appropriations Clause of the United States Constitution,[1] judicially created equitable doctrines cannot be applied against the Government in this case because to do so would be to "create or justify payments from the Treasury that Congress did not authorize." (Doc. 67 at 4.) The Government relies on *Office of Personnel Management v. Richmond*, 496 U.S. 414 (1990). In *Richmond*, the Supreme Court held "equitable estoppel will not lie against the Government as it lies against private parties." *Id.* at 419. The Court declined, however, to adopt a rule that estoppel will *never* apply against the Government. Instead, the Court held "the judicial use of the equitable doctrine of estoppel cannot grant [a claimant] a money remedy that Congress has not authorized." *Id.* at 423-24 & 426.[2] Some courts have broadly applied *Richmond* to hold, "[w]hile estoppel may be available against the government

---

[1] Article I, section 9, clause 7 of the United States Constitution provides, in part: "No Money shall be drawn from the Treasury, but in Consequence of Appropriations made by Law."

[2] The Court in *Richmond* noted it was deciding in that case (a claim for disability benefits) "the matter of estoppel as a basis for money claims against the Government." 496 U.S. at 426.

2

in some instances, courts have not entertained the defense where public money is at stake." *United States v. Cushman & Wakefield, Inc.*, 275 F. Supp. 2d 763, 768 (N.D. Tex. 2002) (citing *Richmond*) (citing *Rosas v. U.S. Small Bus. Admin.*, 964 F.2d 351, 360 (5th Cir. 1992) ("claims for estoppel cannot be entertained where public money is at stake")); *but see United States ex rel. Landis v. Tailwind Sports Corp.*, 308 F.R.D. 1, 5 (D.D.C. 2015) ("Defendants correctly observe that 'the fundamental principle of equitable estoppel applies to government agencies, as well as private parties,'" and that to establish equitable estoppel against the Government requires an "exacting" standard showing "'that the Government engaged in affirmative misconduct'") (citations omitted). The Government does not provide any other legal authority to support that all judicially created equitable doctrines do not apply to the Government in actions like this one. *See also Landis*, 308 F.R.D. at 5 (noting a dispute among various courts whether defendants, in the context of a False Claims Act case, can assert waiver, consent, ratification, or release as affirmative defenses against the Government) (collecting cases). The Government's argument that equitable doctrines cannot apply to actions brought by the Government is not persuasive.

The Government also argues, specifically, the equitable doctrine of unclean hands does not apply to the Government when acting in the public interest. *See United States v. Philip Morris Inc.*, 300 F. Supp. 2d 61, 65-66 (D.D.C. 2004) (holding unclean hands defense "unavailable as a matter of law" in context of an action brought by the Government under RICO statutes when "the Government acts in the public interest"); *but see United States v. Neb. Beef, Ltd.*, No. 8:15CV370, 2016 WL 6088267, at *4 (D. Neb. May 6, 2016) (noting, "Courts are divided on the issue whether a party may assert the affirmative defense of unclean hands against the government in an enforcement action pursuant to the public interest") (collecting cases).

Nevertheless, in support of its motion to strike these affirmative defenses, the Government also argues Nutter has not alleged sufficient facts to plead the affirmative defenses of waiver or release, equitable estoppel, unclean hands, and res judicata. In response, Nutter argues "merely asserting an affirmative defense is sufficient" and pleading affirmative defenses need not satisfy the *Iqbal*/*Twombly* standard. (Doc. 71 at 5 (citing *U.S. Bank v. Nat'l Ass'n v. Educ. Loans Incorp.*, No. 11-1445 (RHK/JJG), 2011 WL 5520437, at *6 (D. Minn. Nov. 14, 2011))). Courts in this district are divided whether the *Iqbal*/*Twombly* pleading standard applies to a defendant pleading affirmative defenses, *compare id.* (holding affirmative defenses not subject to the heightened pleading standard) *with Eaton Vet. Pharm., Inc. v. Wedgewood Village Pharm., Inc.*, No. 4:15-

CV-687-SRB, 2016 WL 7200805, at *2 (W.D. Mo. March 4, 2016) (concluding the heightened pleading standard applies to affirmative defenses) (collecting cases). This Court holds Nutter must "t[ie] specific factual allegations with the specific [affirmative] defenses being pled." *Serv. Mgmt. Grp., LLC v. YouGov Am., Inc.*, No. 4:18-00819-CV-RK, 2020 WL 9171205, at *2 (W.D. Mo. April 23, 2020); *see also Holliday Sand & Gravel Co., Inc. v. Axis Ins. Co.*, No. 4:21-00060-CV-RK, at *1 (W.D. Mo. July 2, 2021) (holding the *Iqbal*/*Twombly* standard of pleading applies to affirmative defenses). Therefore, to the extent the Government argues Nutter has failed to adequately plead the affirmative defenses of waiver, release, equitable estoppel, unclean hands, and res judicata, the Government's motion to strike these affirmative defenses is **GRANTED**. Because motions to strike are disfavored, Nutter will be granted fourteen days to replead its affirmative defenses, including any applicable equitable doctrines it may wish to plead.[3] The Government's motion to strike these affirmative defenses is otherwise **DENIED**.

### III. Affirmative Defense 3 – Laches

Next, the Government seeks to strike Nutter's third affirmative defense for laches.[4] Nutter did not respond to the Government's motion to strike this third affirmative defense. The Eighth Circuit has held "a laches defense may not be asserted against the government." *Lee v. Spellings*, 447 F.3d 1087, 1090 (8th Cir. 2006) (citing *United States v. Brown*, 835 F.2d 176, 180 (8th Cir. 1987)); *see also United States ex rel. Williams v. Rental Care Grp., Inc.*, No. 4:05CV985-DJS, 2008 WL 5233028, at *2 (E.D. Mo. Dec. 12, 2008) (granting Government's motion to strike affirmative defense of laches in action under FCA). But this legal principal is not as broad as the Government's brief argument supposes. As the Eighth Circuit has held, "laches is unavailable against the United States when it is 'proceeding in [its] sovereign capacity,'" that is when the

---

[3] While a review of Nutter's answer reveals it did not plead any facts in asserting any of the affirmative defenses, the Government only makes this argument in support of its motion to strike these specific affirmative defenses.

The Court also notes the claims the Government has filed against Nutter appear to seek civil penalties for its statutory claims under the FCA and Financial Institutions Reform, Recovery, and Enforcement Act, and money damages for its common law claims for breach of contract and breach of fiduciary duty. It is not immediately clear, in the context of this case, how any equitable affirmative defenses would apply. Nonetheless, the Government does not make this argument in its motion to strike. In amending its answer to replead its affirmative defenses, as ordered below, Nutter should consider the affirmative defenses that apply in the context of this case and should satisfy the *Iqbal*/*Twombly* pleading standard for each such affirmative defense it wishes to plead

[4] Nutter's third affirmative defenses states: "The claims against Nutter are barred by laches and/or the applicable statute of limitations." The Government states that Nutter's statute of limitations defense "is not a subject of this motion to strike." (Doc. 67 at 7 n.2.)

4

Government brings suit "to exercise a sovereign right" rather than when it brings suit "the same as an individual suing for a private right." *United States v. Hamed*, 976 F.3d 825, 831 (8th Cir. 2020) (citations and other quotation marks omitted). The Government has not argued, nor has demonstrated, the civil statutory and/or common law claims are not "the same as suing for a private right" such that the principle that laches does not apply against claims by the United States. For this reason, the Government's motion to strike Nutter's third affirmative defense for laches is **DENIED**.

IV. **Affirmative Defense 9 and 10 – Lack of Damages and Failure to Mitigate**

The Government also seeks to strike Nutter's ninth and tenth affirmative defenses for lack of damages and failure to mitigate damages. The Government argues these affirmative defenses do not apply to its statutory claims under the FCA and Financial Institutions Reform, Recovery, and Enforcement Act ("FIRREA"), neither of which require damages as an element of the claim. In its response, Nutter does not contest this statement and argues only (as the Government concedes in its motion to strike) these affirmative defenses *may* apply to the Government's common law claims against Nutter (breach of contract and breach of fiduciary duty). "There is general judicial agreement that a motion to strike should be denied unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy." *United States ex rel. Krazberger v. Kansas City Power & Light Co.*, No. 4:11-cv-0590-FJG, 2012 WL 3961228, at *1 (W.D. Mo. Sept. 10, 2012) (citation and quotation marks omitted). "If there is any doubt whether the matter may raise an issue, the motion to strike should be denied." *Id.* (citation omitted). Accordingly, the Government's motion to strike Nutter's ninth and tenth affirmative defenses is **DENIED**.

V. **Affirmative Defense 12 – Economic Loss Rule**

Next, the Government seeks to strike Nutter's twelfth affirmative defense applying the economic loss rule. The Government argues the economic loss rule applies only to common law *tort* claims, while in this case the Government only brings common law claims for breach of contract and breach of fiduciary duty, neither of which are tort claims. Nutter argues the economic loss rule may apply to the Government's claim for breach of fiduciary duty, as a tort claim. In similar cases, federal courts have generally held a federal common-law claim for breach of fiduciary duty sounds in tort. *See, e.g.*, *United States v. Quicken Loans, Inc.*, 239 F. Supp. 3d 1014, 1044 (E.D. Mich. Mar. 9, 2017) (applying three-year statute of limitations under 28 U.S.C.

§ 2415 that applies to torts, rather than six-year limitations period for claims related to contract, for claim by Government against lender under the FCA and for breach of fiduciary duty). The Government's motion to strike Nutter's twelfth affirmative defense is, therefore, **DENIED**.

## VI. Affirmative Defense 13 – Contributory/Comparative Negligence

Additionally, the Government seeks to strike Nutter's thirteenth affirmative defense to the common law claims asserting the doctrines of contributory and comparative negligence. As the Government argues (and Nutter does not contest), "contributory negligence is no defense to a breach of contract action." *A.G. Edwards & Sons, Inc. v. Drew*, 978 S.W.2d 386, 391 (Mo. Ct. App. 1998) (collecting cases).[5] As Nutter argues, though, "[a]lthough the affirmative defense of contributory negligence in a breach of contract action does not act as a complete bar to recovery, the defense is relevant when the mitigation of damages is at issue." *Id.* (citations omitted). The same is true for breach of fiduciary duty claims. *See Am. Mortg. Inv. Co. v. Hardin-Stockton Corp.*, 671 S.W.2d 283, 292 (Mo. Ct. App. 1984). Nevertheless, under the Federal Rules of Civil Procedure, contributory negligence is an affirmative defense that must be adequately pleaded. *See* Fed. R. Civ. P. 8(c)(1). Given the high bar and general disfavor in striking a party's pleadings, the Government's motion to dismiss Nutter's thirteenth affirmative defense is **DENIED**.

## VII. Affirmative Defense 14 – Recoupment and/or Setoff

The Government also argues Nutter's fourteenth affirmative defense of recoupment and/or setoff should be struck because under Federal Rule of Civil Procedure 13(a) and (b), these defenses constitute a compulsory counterclaim (which Nutter has not asserted and thereby waived) and a permissive counterclaim (which, under the circumstances of this case, is barred by sovereign immunity), respectively. Nutter does not address the Government's argument that the doctrine of setoff is a permissive counterclaim barred, under these circumstances, by sovereign immunity.

"Recoupment is an affirmative defense." *Vegter Steel Fabrication, LLC v. Calacci Constr. Co., Inc.*, No. 3:18-cv-00093, 2019 WL 3976325, at *8 (S.D. Iowa July 16, 2019) (citing 20 Am. Jur. 2d *Counterclaim, Recoupment, and Setoff* § 5); *see Est. of Smith ex rel. Smith v. Primerica Life Ins. Co.*, No. 4:19-CV-00246-BCW, 2021 WL 4499454, at *4 (W.D. Mo. Mar. 24, 2021) ("The doctrine of recoupment – whether called a counterclaim or an affirmative defense – is solely

---

[5] As the Government acknowledges, although the specific claims of breach of contract and breach of fiduciary duty are matters of federal common law, federal courts may nonetheless look to the established caselaw of the states relevant to these common law claims. *See Am. Elec. Power Co., Inc. v. Conn.*, 564 U.S. 410, 422 (2011).

6

a matter of defense.") (citation and quotation marks omitted); *Est. of Buder v. United States*, 372 F. Supp. 2d 1145, 1151 (E.D. Mo. 2005) (recognizing equitable recoupment as an affirmative defense); *see also Boone Nat'l Sav. & Loan Ass'n, F.A. v. Crouch*, 47 S.W.3d 371, 374 (Mo. banc 2001) (noting "under Missouri law, the doctrine of recoupment – whether called a counterclaim or an affirmative defense – is solely a matter of defense"). The Government's motion to strike is **GRANTED** as to Nutter's assertion of setoff as an affirmative defense but **DENIED** as to recoupment as an affirmative defense.

### VIII. Affirmative Defense 19 – Knowledge or Willful Blindness

Nutter's nineteenth affirmative defense states the Government's causes of action are barred because it "had actual or constructive knowledge, or was willfully blind to, the misrepresentations or omissions alleged." The Government asks the Court to strike this affirmative defense from Nutter's pleading because it does not state an affirmative defense vis-à-vis the statutory claims brought against Nutter, although it acknowledges evidence related to the Government's knowledge "may be used to rebut evidence of the defendant's scienter." (Doc. 67 at 13 (citing *United States v. Southland Mgmt. Corp.*, 326s F.3d 669, 682 & n.6 (5th Cir. 2003) (en banc)).) In response, Nutter relies on *United States v. Southland Management Corp.*, 326 F.3d 669, 682 (5th Cir. 2003), holding the Government's knowledge "can defeat FCA liability on the ground that the claimant did not act 'knowingly.'" (Doc. 71 at 9 (quoting *Southland Mgmt. Corp.*).)

At first glance, the cases cited by the parties create the perception of a conflict among the courts whether governmental knowledge is an affirmative defense to an FCA claim. In reality, though, the cases seem to agree that while the Government's knowledge is certainly relevant as a defense to an FCA action, it is not a bar or an affirmative defense to liability under an FCA action. *Compare United States ex rel. Kreindler & Kreindler v. United Techs. Corp.*, 985 F.2d 1148, 1156 (2d Cir. 1993) (holding "the statutory basis for an FCA claim is the defendant's knowledge of the falsity of its claim . . . which is not automatically exonerated by any overlapping knowledge by government officials") *with United States ex rel. Durcholz v. FKW Inc.*, 189 F.3d 542, 544-45 (7th Cir. 1999) (recognizing in certain cases "the [G]overnment's knowledge [of the particulars of a claim] effectively negates the fraud or falsity required by the FCA"); *see also United States ex rel. Scott v. Humana, Inc.*, No. 3:18-CV-61-GNS, 2018 WL 4868991, at *2-3 (W.D. Ky. Aug. 16, 2018) (explaining caselaw that while governmental knowledge is not an affirmative defense to an FCA claim, it may certainly be a relevant defense to negating the scienter element); *United States*

7

*ex rel. Williams v. Renal Care Grp., Inc.*, No. 4:05CV985-DJS, 2008 WL 5233028, at *2 (E.D. Mo. Dec. 12, 2008) (granting a motion to strike by the Government in an FCA action finding the Government's knowledge of the circumstances does not "waive a defendant's liability for false claims").

The Government also argues government knowledge is not relevant to an FIRREA claim. Nutter provides no response to this argument. Instead, Nutter argues the Government does not contend that knowledge is not an affirmative defense as to the federal common law claims. The Government argues knowledge is not an element of either common law claim.

Under these circumstances, and because the Government's knowledge may certainly be a relevant defense regarding the FCA claim given the particulars of this case (which will only be refined as discovery progresses), without any showing or argument of prejudice by the Government at this juncture, the Government's motion to strike Nutter's nineteenth affirmative defense is **DENIED**. *See, Knapp v. FAG Bearings, LLC*, No. 3:21-cv-05035-MDH, 2021 WL 3771793, at *3 (W.D. Mo. Aug. 24, 2021) ("[e]ven when striking a defense is technically proper, courts are reluctant to do so in the absence of prejudice to the moving party") (citation and quotation marks omitted).

### IX. Affirmative Defense 22 – Exhaustion

Finally, the Government asks the Court to strike Nutter's twenty-second affirmative defense. This affirmative defense states the causes of action are barred "by the Government's failure to exhaust administrative and/or contractual remedies." The Government argues neither the FCA nor FIRREA statutes require exhaustion of remedies before bringing a cause of action. The Government does not argue this affirmative defense would not apply to the federal common law causes of action. For this reason, and without alleging or showing prejudice and because of the disfavor in granting a motion to strike a pleading, the Government's motion to strike Nutter's twenty-second affirmative defense at this stage is **DENIED**.

### Conclusion

The Government's motion to strike affirmative defenses 1-4, 8-10, 12-16, 19, and 22, is **GRANTED in part** and **DENIED in part**. The Court **DENIES** the motion as to affirmative defenses 3, 9, 10, 12, 13, 19, and 22. The Court **GRANTS** the motion to strike affirmative defenses 1, 4, 15, for failure to state a claim. The Court also **GRANTS** the motion to strike affirmative defense 2, 8, and 16 (waiver, release, equitable estoppel, unclean hands, and res judicata) and

8

otherwise **DENIES** the motion to strike as to these affirmative defenses. Finally, the Court **GRANTS** the motion to strike as to affirmative defense 14 (setoff) but **DENIES** the motion as to affirmative defense 14 (recoupment). Because striking a party's pleading is disfavored, the Court will allow Nutter to amend its answer and replead its affirmative defenses within fourteen days of this Order. In doing so, Nutter should plead any potentially relevant or applicable affirmative defenses in a manner that satisfies the *Iqbal*/*Twombly* pleading standard.

      **IT IS SO ORDERED**.

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: November 12, 2021