# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

    v.

JAMES B. NUTTER & COMPANY (d/b/a
NUTTER HOME LOANS),

      Defendant.

Civil Action No.: 4:20-cv-00874-RK

**<u>JURY TRIAL DEMANDED</u>**

## <u>JAMES B. NUTTER & COMPANY'S AMENDED ANSWER,<br>AFFIRMATIVE DEFENSES, & JURY TRIAL DEMAND</u>

Defendant James B. Nutter & Company ("Nutter") hereby responds to the Complaint filed by the United States of America (the "Government") as follows:

## <u>ANSWER</u>

Nutter need not respond to the headings and subheadings within the Complaint. To the extent a response is required, Nutter denies any averments in the headings or subheadings of the Complaint. Except as expressly admitted herein, Nutter denies all allegations in the Complaint. In response to the allegations in the enumerated paragraphs in the Complaint, Nutter responds as follows:

## <u>INTRODUCTION</u>

1.    The allegations contained in Paragraph 1 are introductory and conclusory in nature, and therefore require no response. To the extent a response is required, Nutter states that the Government purports to assert claims under the False Claims Act, FIRREA[1], and under common law, and seeks relief and damages for purported injuries. Nutter denies that it violated the False

---

[1] Nutter incorporates the defined terms as defined in the Complaint.

Claims Act, FIRREA, or any common law duty, that it caused any purported injuries, or that the Government is entitled to any relief from Nutter. Nutter denies all remaining allegations in Paragraph 1.

2.      Paragraph 2 contains introductory and general allegations, which are not directed specifically to Nutter, and therefore requires no response. To the extent a response is required, Nutter admits only that FHA's HECM program is a reverse mortgage program available to homeowners aged 62 and older. Nutter denies the remaining allegations contained in Paragraph 2.

3.      Paragraph 3 contains introductory and general allegations, which are not directed specifically to Nutter, and therefore requires no response. Further, Paragraph 3 contains legal conclusions to which no response is required. To the extent a response is required, Nutter admits only that the FHA program uses Direct Endorsement Underwriters ("DE Underwriters"). Nutter denies the remaining allegations in Paragraph 3.

4.      Paragraph 4 contains legal conclusions to which no response is required. To the extent a response is required, Nutter admits only that a DE Underwriter reviewed and underwrote HECMs. Nutter denies the remaining allegations in Paragraph 4.

5.      Nutter admits only that it was approved by HUD to underwrite single-family residential mortgage loans insured by FHA, including HECM loans, and that in 1989, it was the first company to originate a HECM loan. Nutter denies the remaining allegations in Paragraph 5.

6.      Nutter denies the allegations in Paragraph 6.

7.      Nutter denies the allegations in Paragraph 7 and each of its sub-paragraphs.

8.      Nutter denies the allegations in Paragraph 8.

9.      Nutter denies the allegations in Paragraph 9.

10.     Paragraph 10 contains legal conclusions to which no response is required. To the extent a response is required, Nutter denies the allegations in Paragraph 10.

11.     Nutter denies the allegations in Paragraph 11.

12.     Nutter lacks knowledge and information sufficient to form a belief as to the actuarial formula FHA used for the HECM program. Nutter denies the remaining allegations in Paragraph 12.

13.     Nutter denies the allegations in Paragraph 13.

14.     Nutter denies the allegations in Paragraph 14.

15.     Nutter denies the allegations in Paragraph 15.

16.     Paragraph 16 contains legal conclusions to which no response is required. To the extent a response is required, Nutter denies the allegations in Paragraph 16.

## JURISDICTION AND VENUE

17.     Nutter admits only that federal question jurisdiction is proper.

18.     Nutter admits only that this Court has personal jurisdiction over Nutter. Nutter denies the remaining allegations in Paragraph 18.

19.     Nutter admits only that venue is proper in this Court. Nutter denies the remaining allegations in Paragraph 19.

## PARTIES

20.     Nutter lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 and therefore denies those allegations.

21.     Nutter admits only that it is incorporated under the laws of the State of Missouri.

## ALLEGATIONS OF FACT

### The False Claims Act

22.    Paragraph 22 contains legal conclusions to which no response is required. To the extent a response is required, Nutter denies the allegations in Paragraph 22.

23.    Paragraph 23 contains legal conclusions to which no response is required. To the extent a response is required, Nutter denies the allegations in Paragraph 23, except to admit the existence of the referenced statutes, which speak for themselves.

24.    Paragraph 24 contains legal conclusions to which no response is required. To the extent a response is required, Nutter denies the allegations in Paragraph 24, except to admit the existence of the referenced statutes, which speak for themselves.

25.    Paragraph 25 contains legal conclusions to which no response is required. To the extent a response is required, Nutter denies the allegations in Paragraph 25, except to admit the existence of the referenced statutes, which speak for themselves.

26.    Paragraph 26 contains legal conclusions to which no response is required. To the extent a response is required, Nutter denies the allegations in Paragraph 26, except to admit the existence of the referenced statutes, which speak for themselves.

27.    Paragraph 27 contains legal conclusions to which no response is required. To the extent a response is required, Nutter denies the allegations in Paragraph 27, except to admit the existence of the referenced statutes, which speak for themselves.

28.    Paragraph 28 contains legal conclusions to which no response is required. To the extent a response is required, Nutter denies the allegations in Paragraph 28.

29.     Paragraph 29 contains legal conclusions to which no response is required. To the extent a response is required, Nutter denies the allegations in Paragraph 29, except to admit the existence of the referenced statutes, which speak for themselves.

## FIRREA

30.     Paragraph 30 contains legal conclusions to which no response is required. To the extent a response is required, Nutter denies the allegations in Paragraph 30, except to admit the existence of the referenced statutes, which speak for themselves.

31.     Paragraph 31 contains legal conclusions to which no response is required. To the extent a response is required, Nutter denies the allegations in Paragraph 31, except to admit the existence of the referenced statutes, which speak for themselves.

## FACTUAL ALLEGATIONS

## I.    FHA MORTGAGE INSURANCE PROGRAM

32.     Paragraph 32 contains legal conclusions to which no response is required. To the extent a response is required, Nutter denies the allegations in Paragraph 32.

33.     Nutter admits only that HUD is an agency of the United States. Nutter denies the remaining allegations in Paragraph 33.

34.     Nutter admits only that FHA is a part of HUD that offers mortgage insurance programs. Nutter denies the remaining allegations in Paragraph 34.

35.     Nutter admits only that a duly-authorized HECM servicer for a subject HECM loan may, on behalf of the owner of said loan, submit a claim to HUD for insurance if a borrower defaults. Nutter denies the remaining allegations in Paragraph 35.

5

36.     Paragraph 36 contains legal conclusions to which no response is required. To the extent a response is required, Nutter denies the allegations in Paragraph 36, except to admit the existence of the referenced regulations, which speak for themselves.

37.     Paragraph 37 contains legal conclusions to which no response is required. To the extent a response is required, Nutter denies the allegations in Paragraph 37.

38.     Paragraph 38 contains legal conclusions to which no response is required. To the extent a response is required, Nutter denies the allegations in Paragraph 38, except to admit the existence of the referenced regulations, which speak for themselves.

39.     Paragraph 39 contains legal conclusions to which no response is required. To the extent a response is required, Nutter denies the allegations in Paragraph 39.

40.     Paragraph 40 contains legal conclusions to which no response is required. To the extent a response is required, Nutter denies the allegations in Paragraph 40.

41.     Nutter admits only that DE Lenders can originate and underwrite mortgage loans for FHA mortgage insurance programs. Nutter denies the remaining allegations in Paragraph 41.

42.     Nutter admits only that the FHA HECM program is a reverse mortgage program for homeowners over the age of 62. The remaining allegations contain legal conclusions to which no response is required. To the extent a response is required, Nutter denies the remaining allegations in Paragraph 42, except to admit the existence of the referenced statute, which speaks for itself.

43.     Paragraph 43 and each of its sub-paragraphs contain legal conclusions to which no response is required. To the extent a response is required, Nutter denies the allegations in Paragraph 43 and each of its sub-paragraphs, except to admit the existence of the referenced statute and regulations, which speak for themselves.

44.     Paragraph 44 contains legal conclusions to which no response is required. To the extent a response is required, Nutter denies the allegations in Paragraph 44, except to admit the existence of the referenced regulations, which speak for themselves.

45.     Paragraph 45 and each of its sub-paragraphs contain legal conclusions to which no response is required. To the extent a response is required, Nutter admits only that a lender's responsibilities when reviewing and approving HECM loans were generally limited to certain discrete tasks. Nutter denies the remaining allegations in Paragraph 45 and each of its sub-paragraphs.

46.     Paragraph 46 contains legal conclusions to which no response is required. To the extent a response is required, Nutter admits only that the DE Lender underwrites the mortgage and denies the remaining allegations in Paragraph 46.

47.     Paragraph 47 contains legal conclusions to which no response is required. To the extent a response is required, Nutter denies the allegations in Paragraph 47, except to admit the existence of the referenced regulations, which speak for themselves.

48.     Paragraph 48 contains legal conclusions to which no response is required. To the extent a response is required, Nutter denies the allegations in Paragraph 48, except to admit the existence of the referenced regulations, which speak for themselves.

49.     Paragraph 49 contains legal conclusions to which no response is required. To the extent a response is required, Nutter denies the allegations in Paragraph 49, except to admit the existence of HUD Handbooks and Mortgagee Letters, which speak for themselves.

50.     Paragraph 50 contains legal conclusions to which no response is required. To the extent a response is required, Nutter denies the allegations in Paragraph 50.

51.     Paragraph 51 contains legal conclusions to which no response is required. To the extent a response is required, Nutter denies the allegations in Paragraph 51, except to admit the existence of the referenced HUD Handbook, which speaks for itself.

52.     Paragraph 52 contains legal conclusions to which no response is required. To the extent a response is required, Nutter denies the allegations in Paragraph 52, except to admit the existence of the referenced HUD Handbooks and Mortgagee Letters, which speak for themselves.

53.     Paragraph 53 contains legal conclusions to which no response is required. To the extent a response is required, Nutter denies the allegations in Paragraph 53, except to admit the existence of the referenced HUD Handbooks, which speak for themselves.

54.     Paragraph 54 contains legal conclusions to which no response is required. To the extent a response is required, Nutter denies the allegations in Paragraph 54, except to admit the existence of the referenced Mortgagee Letter, which speaks for itself.

55.     Paragraph 55 contains legal conclusions to which no response is required. To the extent a response is required, Nutter denies the allegations in Paragraph 55.

56.     Paragraph 56 contains legal conclusions to which no response is required. To the extent a response is required, Nutter admits only that DE Lenders review borrowers and properties for eligibility for FHA insurance. Nutter denies the remaining allegations in Paragraph 56.

57.     Nutter lacks knowledge and information sufficient to admit or deny this allegation, and therefore denies the allegations in Paragraph 57.

58.     Nutter admits only that the DE Program includes an annual certification requirement, which speaks for itself. Nutter denies the remaining allegations in Paragraph 58.

59.     Paragraph 59 contains legal conclusions to which no response is required. To the extent a response is required, Nutter denies the allegations in Paragraph 59, except to admit the existence of the referenced regulation, which speaks for itself.

60.     Paragraph 60 contains legal conclusions to which no response is required. To the extent a response is required, Nutter denies the allegations in Paragraph 60, except to admit the existence of the referenced HUD Handbook and underwriter registry, which speak for themselves.

61.     Paragraph 61 contains legal conclusions to which no response is required. To the extent a response is required, Nutter denies the allegations in Paragraph 61, except to admit the existence of the referenced HUD Handbook, which speaks for itself.

62.     Paragraph 62 contains legal conclusions to which no response is required. To the extent a response is required, Nutter denies the allegations in Paragraph 62, except to admit the existence of the referenced HUD Handbook, which speaks for itself.

63.     Nutter admits only that DE Lenders are able to obtain CHUMS ID numbers for underwriters through FHA Connection by communicating information about the underwriter. Nutter does not have sufficient information to admit or deny whether HUD maintains the FHA Connection website, and therefore denies that allegation. The remaining allegations contain legal conclusions to which no response is required. To the extent a response is required, Nutter denies the remaining allegations in Paragraph 63.

64.     Paragraph 64 contains legal conclusions to which no response is required. To the extent a response is required, Nutter denies the allegations in Paragraph 64, except to admit the existence of the referenced HUD Handbooks, which speak for themselves.

65.     Paragraph 65 and each of its sub-paragraphs contain legal conclusions to which no response is required. To the extent a response is required, Nutter denies the allegations in

Paragraph 65 and each of its sub-paragraphs, except to admit the existence of the referenced HUD Handbook, which speaks for itself.

66.     Paragraph 66 contains legal conclusions to which no response is required. To the extent a response is required, Nutter denies the allegations in Paragraph 66, except to admit the existence of the referenced HUD Handbook, which speaks for itself.

67.     Paragraph 67 contains legal conclusions to which no response is required. To the extent a response is required, Nutter denies the allegations in Paragraph 67, except to admit the existence of the referenced HUD Handbook, which speaks for itself.

68.     Paragraph 68 contains legal conclusions to which no response is required. To the extent a response is required, Nutter denies the allegations in Paragraph 68.

69.     Nutter admits only that DE Lenders must make certain certifications when applying to participate in the DE Program, which speak for themselves. Nutter denies the remaining allegations in Paragraph 69.

70.     Nutter admits only that DE Lenders must make certain certifications when applying to participate in the DE Program, which speak for themselves. Nutter denies the remaining allegations in Paragraph 70.

71.     Nutter admits only that the DE Program includes an annual certification, which speaks for itself. Nutter denies the remaining allegations in Paragraph 71.

72.     Paragraph 72 contains legal conclusions to which no response is required. To the extent a response is required, Nutter denies the allegations in Paragraph 72.

73.     Paragraph 73 contains legal conclusions to which no response is required. To the extent a response is required, Nutter admits only that DE Lenders are able to obtain CHUMS ID numbers for underwriters through FHA Connection by communicating information about the

underwriter. Nutter denies the remaining allegations in Paragraph 73, except to admit the existence of the referenced HUD Handbook and underwriting registry, which speak for themselves.

74. Paragraph 74 contains legal conclusions to which no response is required. To the extent a response is required, Nutter denies the allegations in Paragraph 74.

75. Nutter admits only that DE Underwriters must make certain certifications in connection with underwriting a mortgage and determining the loan's eligibility for mortgage insurance, which speak for themselves. Nutter denies the remaining allegations in Paragraph 75, except to admit the existence of the referenced HUD Handbook and HUD Form, which speak for themselves.

76. Nutter admits only the existence of the referenced HUD Handbook, which speaks for itself. Nutter denies the remaining allegations in Paragraph 76.

77. Nutter admits only that DE Underwriters must make certain certifications in connection with underwriting a mortgage and determining the loan's eligibility for mortgage insurance, which speak for themselves. Nutter denies the remaining allegations in Paragraph 77, except to admit the existence of the referenced HUD Form, which speaks for itself.

78. Paragraph 78 contains legal conclusions to which no response is required. To the extent a response is required, Nutter denies the allegations in Paragraph 78, except to admit the existence of the referenced HUD Handbook and HUD Form, which speak for themselves.

79. Paragraph 79 contains legal conclusions to which no response is required. To the extent a response is required, Nutter denies the allegations in Paragraph 79, except to admit the existence of the referenced HUD Form, which speaks for itself.

80. Paragraph 80 contains legal conclusions to which no response is required. To the extent a response is required, Nutter denies the allegations in Paragraph 80, except to admit the

existence of loan-level certifications and the referenced HUD Handbook and HUD Form, which speak for themselves.

81.     Paragraph 81 contains legal conclusions to which no response is required. To the extent a response is required, Nutter denies the allegations in Paragraph 81.

82.     Paragraph 82 contains legal conclusions to which no response is required. To the extent a response is required, Nutter denies the allegations in Paragraph 82.

83.     Paragraph 83 contains legal conclusions to which no response is required. To the extent a response is required, Nutter denies the allegations in Paragraph 83.

84.     Paragraph 84 contains legal conclusions to which no response is required. To the extent a response is required, Nutter denies the allegations in Paragraph 84.

85.     Paragraph 85 contains legal conclusions to which no response is required. To the extent a response is required, Nutter denies the allegations in Paragraph 85.

86.     Paragraph 86 contains legal conclusions to which no response is required. To the extent a response is required, Nutter denies the allegations in Paragraph 86.

87.     Paragraph 87 contains legal conclusions to which no response is required. To the extent a response is required, Nutter denies the allegations in Paragraph 87, except to admit the existence of the referenced regulation, which speak for itself.

88.     Nutter admits only the existence of the IACS and HERMIT systems. Nutter lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 88 and therefore denies those allegations.

89.     Nutter admits only the existence of the HERMIT system. Nutter lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 89 and therefore denies those allegations.

90.     Nutter admits only the existence of the IACS and HERMIT systems and the existence of the referenced HUD Form, which speaks for itself. Nutter lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 90 and therefore denies those allegations.

91.     Nutter lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 91 and therefore denies those allegations.

92.     Nutter admits only that it participated in the HECM program and underwrote HECM loans from its headquarters in Kansas City, Missouri. Nutter denies the remaining allegations in Paragraph 92.

93.     Paragraph 93 contains legal conclusions to which no response is required. To the extent a response is required, Nutter denies the allegations in Paragraph 93.

94.     Nutter admits it made a certification to HUD for FYE 2009, which speaks for itself. Nutter also admits that Len Kuklenski was Nutter's Chief Financial Officer in 2010. Nutter denies the remaining allegations in Paragraph 94.

95.     Nutter admits it made certifications for FYE 2008 and 2010, which speak for themselves. Nutter denies the remaining allegations in Paragraph 95.

96.     Nutter denies the allegations in Paragraph 96.

97.     Paragraph 97 contains legal conclusions to which no response is required. To the extent a response is required, Nutter denies the allegations in Paragraph 97.

98.     Nutter admits that it made a certification in connection with obtaining a CHUMS ID for DA06 which speaks for itself. Nutter denies all remaining allegations in Paragraph 98.

99.     Nutter denies the allegations in Paragraph 99.

100.    Nutter denies the allegations in Paragraph 100.

101.     Nutter admits only that it sold servicing rights to certain loans. Nutter denies the remaining allegations in Paragraph 101.

102.     Nutter admits only that HUD paid claims on certain HECM loans that Nutter originated. Nutter denies the remaining allegations in Paragraph 102.

103.     Nutter denies the allegations in Paragraph 103.

104.     Nutter admits that it used loan correspondents to originate a portion of its HECM loans. Nutter denies the remaining allegations in Paragraph 104.

105.     Nutter admits only that the HECM market was growing in 2007. Nutter lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 105 and therefore denies those allegations.

106.     Nutter admits only that it saw an increase in HECM originations in the Lending Time Period. Nutter denies the remaining allegations in Paragraph 106.

107.     Nutter denies the allegations in Paragraph 107.

108.     Nutter denies the allegations in Paragraph 108.

109.     Nutter admits only that Automated Valuation Models ("AVMs") may provide real estate property valuations. Nutter denies the remaining allegations in Paragraph 109.

110.     Nutter denies the allegations in Paragraph 110.

111.     Nutter denies the allegations in Paragraph 111.

112.     Nutter denies the allegations in Paragraph 112.

113.     Nutter denies the allegations in Paragraph 113.

114.     Paragraph 114 contains legal conclusions to which no response is required. To the extent a response is required, Nutter denies the allegations in Paragraph 114, except to admit the existence of the referenced HUD Forms, which speak for themselves.

115. Paragraph 115 contains legal conclusions to which no response is required. To the extent a response is required, Nutter denies the allegations in Paragraph 115.

116. Nutter denies the allegations in Paragraph 116.

117. Nutter denies the allegations in Paragraph 117.

118. Nutter admits only that Plaintiff listed FHA Case Numbers in Attachment 1 to the Complaint. Nutter denies the remaining allegations in Paragraph 118.

119. Nutter denies any allegations in Paragraph 119 inconsistent with the loan file, which speaks for itself.

120. Nutter denies any allegations in Paragraph 120 inconsistent with the loan file, which speaks for itself.

121. Nutter denies the allegations in Paragraph 121.

122. Nutter denies any allegations in Paragraph 122 inconsistent with the loan file, which speaks for itself.

123. Nutter denies the allegations in Paragraph 123.

124. Nutter denies any allegations in Paragraph 124 inconsistent with the loan file, which speaks for itself.

125. Nutter denies the allegations in Paragraph 125.

126. Nutter lacks knowledge or information sufficient to form a belief as to a decade-later AVM-generated property value and therefore denies those allegations. The loan file speaks for itself as to the appraised value. Nutter denies the remaining allegations in Paragraph 126.

127. Nutter admits only that HUD paid an FHA insurance claim of $137,942.49. Nutter denies the remaining allegations in Paragraph 127.

128.     Nutter denies any allegations in Paragraph 128 inconsistent with the loan file, which speaks for itself.

129.     Nutter denies any allegations in Paragraph 129 inconsistent with the loan file, which speaks for itself.

130.     Nutter denies the allegations in Paragraph 130.

131.     Nutter denies any allegations in Paragraph 131 inconsistent with the loan file, which speaks for itself.

132.     Nutter denies the allegations in Paragraph 132.

133.     Nutter denies any allegations in Paragraph 133 inconsistent with the loan file, which speaks for itself.

134.     Nutter denies the allegations in Paragraph 134.

135.     Nutter lacks knowledge or information sufficient to form a belief as to a decade-later AVM-generated property value and therefore denies those allegations. The loan file speaks for itself as to the appraised value. Nutter denies the remaining allegations in Paragraph 135.

136.     Nutter admits only that HUD paid an FHA insurance claim of $46,232.65. Nutter denies the remaining allegations in Paragraph 136.

137.     Paragraph 137 contains legal conclusions to which no response is required. To the extent a response is required, Nutter denies the allegations in Paragraph 137.

138.     Nutter denies the allegations in Paragraph 138.

139.     Nutter denies the allegations in Paragraph 139.

140.     Nutter denies the allegations in Paragraph 140.

141.     Nutter admits only that Plaintiff listed FHA Case Numbers in Attachment 2 to the Complaint. Nutter denies the remaining allegations in Paragraph 141.

142.     Nutter denies any allegations in Paragraph 142 inconsistent with the loan file, which speaks for itself.

143.     Nutter denies any allegations in Paragraph 143 inconsistent with the loan file, which speaks for itself.

144.     Nutter denies the allegations in Paragraph 144.

145.     Nutter denies any allegations in Paragraph 145 inconsistent with the loan file, which speaks for itself.

146.     Nutter denies any allegations in Paragraph 146 inconsistent with the loan file, which speaks for itself.

147.     Nutter denies the allegations in Paragraph 147.

148.     Nutter denies the allegations in Paragraph 148.

149.     Nutter denies the allegations in Paragraph 149.

150.     Nutter lacks knowledge or information sufficient to form a belief as to a decade-later AVM-generated property value and therefore denies those allegations. The loan file speaks for itself as to the appraised value. Nutter denies the remaining allegations in Paragraph 150.

151.     Nutter admits only that HUD paid an FHA insurance claim of $83,413.36. Nutter denies the remaining allegations in Paragraph 151.

152.     Nutter denies any allegations in Paragraph 152 inconsistent with the loan file, which speaks for itself.

153.     Nutter denies any allegations in Paragraph 153 inconsistent with the loan file, which speaks for itself.

154.     Nutter denies the allegations in Paragraph 154.

155.    Nutter denies any allegations in Paragraph 155 inconsistent with the loan file, which speaks for itself.

156.    Nutter denies any allegations in Paragraph 156 inconsistent with the loan file, which speaks for itself.

157.    Nutter denies the allegations in Paragraph 157.

158.    Nutter denies the allegations in Paragraph 158.

159.    Nutter denies the allegations in Paragraph 159.

160.    Nutter lacks knowledge or information sufficient to form a belief as to a decade-later AVM-generated property value and therefore denies those allegations. The loan file speaks for itself as to the appraised value. Nutter denies the remaining allegations in Paragraph 160.

161.    Nutter admits only that HUD paid an FHA insurance claim of $53,246.65. Nutter denies the remaining allegations in Paragraph 161.

162.    Nutter denies the allegations in Paragraph 162.

163.    Paragraph 163 contains legal conclusions to which no response is required. To the extent a response is required, Nutter denies the allegations in Paragraph 163.

164.    Nutter denies the allegations in Paragraph 164.

165.    Nutter denies the allegations in Paragraph 165.

166.    Nutter denies the allegations in Paragraph 166.

167.    Nutter admits only that Tera Guy was Nutter's Vice President of Operations in 2008 and that James B. Nutter, Sr. was Nutter's founder and Chairman. To the extent Paragraph 167 quotes from a document, the document speaks for itself. Nutter denies the remaining allegations in Paragraph 167.

168.    Paragraph 168 contains legal conclusions to which no response is required. To the extent a response is required, Nutter denies the allegations in Paragraph 168.

169.    Nutter admits only that DA06 was a DE Underwriter who worked at Nutter and that Tera Guy was Nutter's Vice President of Operations in 2008. Nutter denies the remaining allegations in Paragraph 169.

170.    Nutter denies the allegations in Paragraph 170 and each of its sub-paragraphs.

171.    Nutter admits only that DA06 worked for Nutter for approximately six months during which time Nutter paid her compensation. Nutter denies the remaining allegations in Paragraph 171.

172.    Nutter denies the allegations in Paragraph 172.

173.    Nutter denies the allegations in Paragraph 173 to the extent they are inconsistent with the loan file, which speaks for itself.

   a.   Nutter denies the allegations in Paragraph 173(a) to the extent they are inconsistent with the loan file, which speaks for itself.

   b.   Nutter denies the allegations in Paragraph 173(b).

   c.   Nutter denies the allegations in Paragraph 173(c).

   d.   Nutter denies the allegations in Paragraph 173(d).

   e.   Nutter lacks knowledge or information sufficient to form a belief as to a decade-later AVM-generated property value and therefore denies those allegations. Nutter denies the remaining allegations in Paragraph 173(e) to the extent they are inconsistent with the loan file, which speaks for itself.

   f.   Nutter admits only that HUD paid an FHA insurance claim of $117,972.84. Nutter denies the remaining allegations in Paragraph 173(f).

174.     Nutter admits only that DA06 submitted loans for FHA mortgage insurance while working on behalf of Nutter. The remaining allegations in Paragraph 174 contain legal conclusions for which no response is required. To the extent a response is required, Nutter denies the remaining allegations in Paragraph 174.

175.     Nutter admits only that CX36 was a DE Underwriter who worked at Nutter and that Tera Guy was Nutter's Vice President of Operations in 2008. Nutter denies the remaining allegations in Paragraph 175.

176.     Nutter denies the allegations in Paragraph 176 and each of its sub-paragraphs.

177.     Nutter admits only that CX36 worked for Nutter for approximately three months during which time Nutter paid her compensation. Nutter denies the remaining allegations in Paragraph 177.

178.     Nutter denies the allegations in Paragraph 178.

179.     Nutter denies the allegations in Paragraph 179 to the extent they are inconsistent with the loan file, which speaks for itself.

        a.  Nutter denies the allegations in Paragraph 179(a) to the extent they are inconsistent with the loan file, which speaks for itself.

        b.  Nutter denies the allegations in Paragraph 179(b).

        c.  Nutter denies the allegations in Paragraph 179(c).

        d.  Nutter denies the allegations in Paragraph 179(d).

        e.  Nutter lacks knowledge or information sufficient to form a belief as to a decade-later AVM-generated property value and therefore denies those allegations. Nutter denies the remaining allegations in Paragraph 179(e) to the extent they are inconsistent with the loan file, which speaks for itself.

f.   Nutter denies the allegations in Paragraph 179(f).

180.   Nutter admits only that CX36 submitted loans for FHA mortgage insurance while working on behalf of Nutter. The remaining allegations in Paragraph 180 contain legal conclusions for which no response is required. To the extent a response is required, Nutter denies the remaining allegations in Paragraph 180.

181.   Nutter admits only that CZ15 was a DE Underwriter who worked at Nutter and that Tera Guy was Nutter's Vice President of Operations in 2008. Nutter denies the remaining allegations in Paragraph 181.

182.   Nutter denies the allegations in Paragraph 182 and each of its sub-paragraphs.

183.   Nutter admits only that CZ15 worked for Nutter for approximately three months during which time Nutter paid her compensation. Nutter denies the remaining allegations in Paragraph 183.

184.   Nutter denies the allegations in Paragraph 184.

185.   Nutter denies the allegations in Paragraph 185 to the extent they are inconsistent with the loan file which speaks for itself.

a.   Nutter denies the allegations in Paragraph 185(a) to the extent they are inconsistent with the loan file, which speaks for itself.

b.   Nutter denies the allegations in Paragraph 185(b).

c.   Nutter denies the allegations in Paragraph 185(c).

d.   Nutter denies the allegations in Paragraph 185(d).

e.   Nutter lacks knowledge or information sufficient to form a belief as to a decade-later AVM-generated property value and therefore denies those allegations.

Nutter denies the remaining allegations in Paragraph 185(e) to the extent they are inconsistent with the loan file which speaks for itself.

 f. Nutter admits only that HUD paid an FHA insurance claim of $113,114.32. Nutter denies the remaining allegations in Paragraph 185(f).

186. Nutter admits only that CZ15 submitted loans for FHA mortgage insurance while working on behalf of Nutter. The remaining allegations in Paragraph 186 contain legal conclusions for which no response is required. To the extent a response is required, Nutter denies the remaining allegations in Paragraph 186.

187. Nutter admits only that CV37 was a DE Underwriter who worked at Nutter and that Tera Guy was Nutter's Vice President of Operations in 2008. Nutter denies the remaining allegations in Paragraph 187.

188. Nutter denies the allegations in Paragraph 188 and each of its sub-paragraphs.

189. Nutter admits only that CV37 worked for Nutter for approximately three months during which time Nutter paid her compensation. Nutter denies the remaining allegations in Paragraph 189.

190. Nutter denies the allegations in Paragraph 190.

191. Nutter denies the allegations in Paragraph 191 to the extent they are inconsistent with the loan file, which speaks for itself.

 a. Nutter denies the allegations in Paragraph 191(a) to the extent they are inconsistent with the loan file which speaks for itself.

 b. Nutter denies the allegations in Paragraph 191(b).

 c. Nutter denies the allegations in Paragraph 191(c).

 d. Nutter denies the allegations in Paragraph 191(d).

e. Nutter lacks knowledge or information sufficient to form a belief as to a decade-later AVM-generated property value and therefore denies those allegations. Nutter denies the remaining allegations in Paragraph 191(e) to the extent they are inconsistent with the loan file which speaks for itself. Nutter further denies the allegations in Paragraph 191(e) which have no bearing to FHA Case Number 491-9105756 at issue in the remainder of Paragraph 191.

f. Nutter admits only that HUD paid an FHA insurance claim of $55,337.63. Nutter denies the remaining allegations in Paragraph 191(f).

192. Nutter admits only that CV37 submitted loans for FHA mortgage insurance while working on behalf of Nutter. The remaining allegations in Paragraph 192 contain legal conclusions for which no response is required. To the extent a response is required, Nutter denies the remaining allegations in Paragraph 192.

193. Nutter admits only that DL77 was a DE Underwriter who worked at Nutter and that Tera Guy was Nutter's Vice President of Operations in 2008. Nutter denies the remaining allegations in Paragraph 193.

194. Nutter denies the allegations in Paragraph 194 and each of its sub-paragraphs.

195. Nutter admits only that DL77 worked for Nutter for approximately six months during which time Nutter paid her compensation. Nutter denies the remaining allegations in Paragraph 195.

196. Nutter denies the allegations in Paragraph 196.

197. Nutter denies the allegations in Paragraph 197 to the extent they are inconsistent with the loan file, which speaks for itself.

a. Nutter denies the allegations in Paragraph 197(a) to the extent they are inconsistent with the loan file, which speaks for itself.

b. Nutter denies the allegations in Paragraph 197(b).

c. Nutter denies the allegations in Paragraph 197(c).

d. Nutter denies the allegations in Paragraph 197(d).

e. Nutter lacks knowledge or information sufficient to form a belief as to a decade-later AVM-generated property value and therefore denies those allegations. Nutter denies the remaining allegations in Paragraph 197(e) to the extent they are inconsistent with the loan file, which speaks for itself.

f. Nutter admits only that HUD paid an FHA insurance claim of $280,235.44. Nutter denies the remaining allegations in Paragraph 197(f).

198.    Nutter admits only that DL77 submitted loans for FHA mortgage insurance while working on behalf of Nutter. The remaining allegations in Paragraph 198 contain legal conclusions for which no response is required. To the extent a response is required, Nutter denies the remaining allegations in Paragraph 198.

199.    Nutter admits only that DS98 was a DE Underwriter who worked at Nutter and that Tera Guy was Nutter's Vice President of Operations in 2008. Nutter denies the remaining allegations in Paragraph 199.

200.    Nutter denies the allegations in Paragraph 200 and each of its sub-paragraphs.

201.    Nutter admits only that DS98 worked for Nutter for approximately six months during which time Nutter paid her compensation. Nutter denies the remaining allegations in Paragraph 201.

202.    Nutter denies the allegations in Paragraph 202.

203. Nutter denies the allegations in Paragraph 203 to the extent they are inconsistent with the loan file, which speaks for itself.

a. Nutter denies the allegations in Paragraph 203(a) to the extent they are inconsistent with the loan file, which speaks for itself.

b. Nutter denies the allegations in Paragraph 203(b).

c. Nutter denies the allegations in Paragraph 203(c).

d. Nutter denies the allegations in Paragraph 203(d).

e. Nutter lacks knowledge or information sufficient to form a belief as to a decade-later AVM-generated property value and therefore denies those allegations. Nutter denies the remaining allegations in Paragraph 203(e) to the extent they are inconsistent with the loan file, which speaks for itself. Nutter further denies the allegations in Paragraph 203(e) which have no bearing to FHA Case Number 093-6565485 at issue in the remainder of Paragraph 203.

f. Nutter denies the allegations in Paragraph 203(f).

204. Nutter admits only that DS98 submitted loans for FHA mortgage insurance while working on behalf of Nutter. The remaining allegations in Paragraph 204 contain legal conclusions for which no response is required. To the extent a response is required, Nutter denies the remaining allegations in Paragraph 204.

205. Nutter admits only that CU82 was a DE Underwriter who worked at Nutter and that Tera Guy was Nutter's Vice President of Operations in 2008. Nutter denies the remaining allegations in Paragraph 205.

206. Nutter denies the allegations in Paragraph 206 and each of its sub-paragraphs.

207.    Nutter admits only that CU82 worked for Nutter for approximately three months during which time Nutter paid her compensation. Nutter denies the remaining allegations in Paragraph 207.

208.    Nutter denies the allegations in Paragraph 208.

209.    Nutter denies the allegations in Paragraph 209 to the extent they are inconsistent with the loan file, which speaks for itself.

    a.  Nutter denies the allegations in Paragraph 209(a) to the extent they are inconsistent with the loan file, which speaks for itself.

    b.  Nutter denies the allegations in Paragraph 209(b).

    c.  Nutter denies the allegations in Paragraph 209(c).

    d.  Nutter denies the allegations in Paragraph 209(d).

    e.  Nutter lacks knowledge or information sufficient to form a belief as to a decade-later AVM-generated property value and therefore denies those allegations. Nutter denies the remaining allegations in Paragraph 209(e) to the extent they are inconsistent with the loan file, which speaks for itself. Nutter further denies the allegations in Paragraph 209(e) which have no bearing to FHA Case Number 241-8023759 at issue in the remainder of Paragraph 209.

    f.  Nutter admits only that HUD paid an FHA insurance claim of $282,993.06. Nutter denies the remaining allegations in Paragraph 209(f).

210.    Nutter admits only that CU82 submitted loans for FHA mortgage insurance while working on behalf of Nutter. The remaining allegations in Paragraph 210 contain legal conclusions for which no response is required. To the extent a response is required, Nutter denies the remaining allegations in Paragraph 210.

26

211.    Nutter denies the allegations in Paragraph 211.

212.    Nutter admits only that HUD has paid claims associated with certain loans that Nutter certified for FHA insurance.  Nutter denies the remaining allegations in Paragraph 212.

213.    Nutter denies the allegations in Paragraph 213.

214.    Nutter denies the allegations in Paragraph 214.

215.    The allegations in Paragraph 215 contain legal conclusions for which no response is required. To the extent a response is required, Nutter denies the allegations in Paragraph 215.

216.    The allegations in Paragraph 216 contain legal conclusions for which no response is required. To the extent a response is required, Nutter denies the allegations in Paragraph 216.

217.    Nutter denies the allegations in Paragraph 217, except that Nutter admits that FHA issues Notices of Return, which speak for themselves.

218.    Nutter denies the allegations in Paragraph 218.

219.    The allegations in Paragraph 219 contain legal conclusions for which no response is required. To the extent a response is required, Nutter denies the allegations in Paragraph 219, except that Nutter admits the existence of the referenced statute, which speaks for itself.

220.    The allegations in Paragraph 220 contain legal conclusions for which no response is required. To the extent a response is required, Nutter denies the allegations in Paragraph 220, except that Nutter admits the existence of the referenced regulation, which speaks for itself.

221.    The allegations in Paragraph 221 contain legal conclusions for which no response is required. To the extent a response is required, Nutter denies the allegations in Paragraph 221, except that Nutter admits the existence of the referenced HUD Form, which speaks for itself.

222.    The allegations in Paragraph 222 contain legal conclusions for which no response is required. To the extent a response is required, Nutter denies the allegations in Paragraph 222.

27

223.    The allegations in Paragraph 223 contain legal conclusions for which no response is required. To the extent a response is required, Nutter denies the allegations in Paragraph 223.

224.    Nutter denies the allegations in Paragraph 224, except that Nutter admits only the existence of the referenced HUD Form, which speaks for itself.

225.    Nutter denies the allegations in Paragraph 225.

226.    Nutter denies the allegations in Paragraph 226.

227.    Nutter denies the allegations in Paragraph 227.

## COUNT I
### VIOLATION OF THE FALSE CLAIMS ACT
### 31 U.S.C. § 3729(A)(1) (2006) and 31 U.S.C. § § 3729(A)(1)(A) (2010)

228.    Nutter incorporates by reference the responses set forth the in preceding paragraphs of this Answer.

229.    Nutter denies the allegations in Paragraph 229.

230.    Nutter denies the allegations in Paragraph 230.

231.    Nutter denies the allegations in Paragraph 231.

232.    Nutter denies the allegations in Paragraph 232.

233.    Nutter denies the allegations in Paragraph 233.

234.    Nutter denies the allegations in Paragraph 234.

235.    Nutter denies the allegations in Paragraph 235.

## COUNT II
### VIOLATION OF THE FALSE CLAIMS ACT
### 31 U.S.C. § 3729(A)(1)(B) (2010) (FORMERLY 31 U.S.C. § 3729(A)(2) (2006))

236.    Nutter incorporates by reference the responses set forth the in preceding paragraphs of this Answer.

237.    Nutter denies the allegations in Paragraph 237.

238.   Nutter denies the allegations in Paragraph 238.

239.   Nutter denies the allegations in Paragraph 239.

240.   Nutter denies the allegations in Paragraph 240.

241.   Nutter denies the allegations in Paragraph 241.

242.   Nutter denies the allegations in Paragraph 242.

243.   Nutter denies the allegations in Paragraph 243.

## COUNT III
## VIOLATION OF FIRREA, 12 U.S.C. § 1833A
## FALSE LOAN CERTIFICATIONS TO HUD

244.   Nutter incorporates by reference the responses set forth the in preceding paragraphs of this Answer.

245.   Nutter denies the allegations in Paragraph 245.

246.   Nutter denies the allegations in Paragraph 246.

247.   Nutter denies the allegations in Paragraph 247.

## COUNT IV
## VIOLATION OF FIRREA, 12 U.S.C. § 1833A
## FALSE DE UNDERWRITER CERTIFICATIONS TO HUD

248.   Nutter incorporates by reference the responses set forth the in preceding paragraphs of this Answer.

249.   Nutter denies the allegations in Paragraph 249.

250.   Nutter denies the allegations in Paragraph 250.

251.   Nutter denies the allegations in Paragraph 251.

252.   Nutter denies the allegations in Paragraph 252.

## COUNT V
## VIOLATION OF FIRREA, 12 U.S.C. § 1833A
## FALSE ANNUAL CERTIFICATIONS TO HUD

253.     Nutter incorporates by reference the responses set forth the in preceding paragraphs of this Answer.

254.     Nutter denies the allegations in Paragraph 254.

255.     Nutter denies the allegations in Paragraph 255.

256.     Nutter denies the allegations in Paragraph 256.

257.     Nutter denies the allegations in Paragraph 257.

## COUNT VI
## BREACH OF FIDUCIARY DUTY

258.     Nutter incorporates by reference the responses set forth the in preceding paragraphs of this Answer.

259.     Nutter denies the allegations in Paragraph 259.

260.     Nutter denies the allegations in Paragraph 260.

261.     Nutter denies the allegations in Paragraph 261.

262.     Nutter denies the allegations in Paragraph 262.

263.     Nutter denies the allegations in Paragraph 263.

## COUNT VII
## BREACH OF CONTRACT

264.     Nutter incorporates by reference the responses set forth the in preceding paragraphs of this Answer.

265.     Nutter denies the allegations in Paragraph 265.

266.     Nutter denies the allegations in Paragraph 266.

267.     Nutter denies the allegations in Paragraph 267.

268.    Nutter denies the allegations in Paragraph 268.

269.    Nutter denies the allegations in Paragraph 269.

**RESPONSE TO PRAYER FOR RELIEF:**

The balance of the Complaint constitutes a prayer for relief, to which no response is required. To the extent a response is deemed required, Nutter denies the Government is entitled to the relief requested, or to any relief whatsoever. Additionally, Nutter hereby denies all allegations in the Complaint not expressly admitted or denied herein.

THEREFORE, having fully answered, Nutter asserts that the Government is not entitled to the relief requested, or to any relief whatsoever, and requests that this action be dismissed in its entirety with prejudice and that Nutter be given such other relief as this Court deems proper, including costs and fees.

**<u>JURY DEMAND</u>**

Nutter demands a trial by jury on all issues so triable.

## AFFIRMATIVE DEFENSES

Nutter asserts the following affirmative defenses without assuming the burden of proof on any issue for which the Government bears the burden of proof:

### FACTUAL ALLEGATIONS IN SUPPORT OF AFFIRMATIVE DEFENSES

270.    Nutter incorporates by reference the responses set forth the in preceding paragraphs of this Answer.

271.    Nutter has originated and underwritten loans as a family-run business since 1951.

272.    Nutter has an extensive history partnering with HUD on FHA programs, and with HECMs in particular.  Nutter became the first company to originate a HECM loan in 1989.  Since that time, Nutter has originated and underwritten HECMs for thousands of borrowers in underserved regions and communities.

273.    Beginning in 2005, in response to increased borrower demand and pressure from HUD to originate and underwrite a greater volume of HECMs, Nutter began increasing its HECM underwriting.

274.    Throughout the Lending Time Period, Nutter maintained oversight, supervision, and control of its DE Underwriters.  In certain instances, Nutter also implemented underwriting standards for HECMs that went beyond what HUD's regulations required.  For example, Nutter implemented a one-year seasoning requirement as well as mortgage counseling for the non-borrowing spouse on HECMs, before HUD required either.

275.    HUD publishes guidance documents that, according to HUD's website, "do not have the force and effect of law and are not meant to bind the public in any way."  This non-binding guidance includes forms, handbooks, letters, guidebooks, notices, acts, bulletins, policy

guides, legal guidance and opinions, and model agreements. Together, they create a patchwork of HUD statements on various topics.

276.    These various guidance documents are ***not*** the product of the legal notice and comment rulemaking process. They are, therefore, merely advisory statements and are not regulations.

277.    One of these guidance documents is the HUD Single Family Direct Endorsement Program Handbook (the "HUD Handbook"). The HUD Handbook versions in effect during the Lending Time Period each had multiple sections covering myriad topics for FHA lenders. For example, the HUD Handbook in effect until 2009 spans thousands of pages structured as an outline of over 400 topics, with brief conclusory statements on each topic.

278.    HUD also issues Mortgagee Letters regarding changes HUD makes to the FHA program or HUD operations, policies, and procedures. HUD can publish Mortgagee Letters at any time and has published on average twenty to thirty letters every year since 1976. As of December 31, 2010, the end of the Lending Time Period, HUD had issued 1,268 Mortgagee Letters.

279.    On June 30, 2014, the FHA Commissioner recognized that the accumulation of overlapping and superseding documents over time to guide mortgagees in the FHA programs creates confusion. He stated:

> FHA is committed to developing a handbook that incorporates policy that currently exists in several handbooks, rules, mortgagee letters, notices, and other policy sources into a single source of policy for FHA lenders. Our intention is to make it easier to do business with us, reduce compliance costs and ultimately increase access to credit.

280.    The Commissioner's statement reflects an implicit admission that HUD's guidance prior to 2014 was a patchwork of overlapping sources that were difficult for mortgagees to understand and fully comply with.

281. As the main guidance document in place during the Lending Time Period, the HUD Handbook provides only high-level guidance on DE Underwriter qualifications. It does not name a specific job title or role that would qualify one to be a DE Underwriter. Instead, it provides generalized statements regarding experience: DE Underwriters must be a "reliable and responsible professional skilled in mortgage evaluation" and have "three years full-time recent experience (or equivalent experience) reviewing both credit applications and property appraisals." The HUD Handbook provides that "[e]xperience may also include quality control reviews for investors, etc." and "[t]he Mortgage Bankers Association of America (MBA) course 'Appraisal Techniques for Direct Endorsement Underwriters' may be substituted for one full year of full-time experience reviewing appraisals." The HUD Handbook does not specifically require that DE Underwriters must have prior underwriting experience, nor does it specifically require that DE Underwriters have prior experience with HECM loans.

282. Throughout the Lending Time Period, and indeed throughout Nutter's history underwriting HECMs, Nutter exercised oversight, supervision, and control over all of its DE Underwriters.

283. Per the HUD Handbook, DE Underwriters are not assigned the task of appraising the property. Instead, DE Underwriters "review the appraisal to determine whether or not the appraiser's conclusions are acceptable." That review includes the following:

    a.    "Verification . . . that the factual information submitted is correctly reported."

    b.    "Determination of the plausibility and consistency of the conclusions based upon data presented in the report."

c. "Determination of the consistency of the reported conclusions by comparison with other data conclusions reported in similar cases recently processed."

d. "Compliance with the underwriting instructions in HUD Handbooks 4145.1 and 4150.1."

e. "The review of appraisal reports . . . to ensure reasonable conclusions, sound reports, and compliance with HUD requirements."

f. "The decisions relating to the acceptability of the appraisal."

g. "Awareness of the warning signs that may indicate irregularities, and an ability to detect fraud, as well as the responsibility that underwriting decisions are performed with due diligence in a prudent manner."

284. Nothing in the HUD Handbook requires a DE Underwriter to reappraise, redo, or contest the work of an appraiser. The DE Underwriter does not have the responsibility or authority to change an appraisal; rather, any concerns and/or corrections must be sent back to the appraiser.

285. Under the HUD Handbook, the required experience of an appraiser is qualitatively different and substantially more extensive than that required of an underwriter. An appraiser must have a total of five years of experience, including two years of "specialized experience in valuation of property that demonstrates knowledge of, and the ability to apply principles, practices, methods, and techniques of appraising." The remaining three years of experience "may be general experience that demonstrates knowledge of general realty practices and principles as they relate to the value of real property, skill in collecting and assembling data, and the ability to prepare clear and concise reports." None of these specialized or general experiences relating to property valuation are required of underwriters.

286.     To be eligible for placement on HUD's Lender Selection Roster, an appraiser must be state licensed or certified in accordance with the minimum licensing criteria established by the Appraiser Qualifications Board ("AQB") of the Appraisal Foundation.  The AQB's minimum requirements for appraiser licensing were 150 hours of education, 2,000 hours of experience, and completion of a written examination.  None of these rigorous standards imposed on appraisers seeking to be approved by HUD are required of DE Underwriters.  In addition, HUD is required to conduct both desk reviews and field reviews of appraisals on a sampling basis to review whether appraisers are complying with FHA appraisal requirements.  When HUD identifies problems with appraisals, it can take action against the appraiser ranging from requiring additional education to debarment from participation in FHA appraisals.

287.     After the mortgage closes, the mortgagee submits a case file to the HUD field office for endorsement. HUD oversees DE mortgagees through its Quality Assurance Division as well as through post-endorsement technical reviews ("PETR"). PETR is a review of individual loan files, which are selected by HUD, to evaluate risk to HUD for underwriting deficiencies and borrower/loan eligibility. DE mortgagees are typically permitted to mitigate any negative findings resulting from a PETR. If, however, HUD determines that the "mortgagee knew or should have known of a serious and material violation of FHA origination requirements," the DE mortgagee may be required to indemnify HUD for any insurance claim paid within five years of endorsement.

288.     HUD recognizes that "underwriting decisions rely heavily on the subjective interpretation of the mortgagee" and that "it is imperative that Field Offices identify and respond to underwriting problems."  On information and belief, mortgagees are also monitored by HUD Field Offices, which includes review of loan case files during PETR, "analyzing quality control

36

reports, following up on construction complaints or consumer complaints, and sharing information with other" HUD offices.

289.     HUD conducted audits of Nutter's HECM underwriting on at least two occasions during and around the Lending Time Period, once in 2008 and once in 2010-11.  HUD had the opportunity to identify the alleged underwriting deficiencies of which HUD now complains.  In particular, HUD's audit in 2010 included at least four of the loans included in the Exhibits annexed to the Complaint: FHA Case Numbers 261-9620979, 261-9481504, 137-4119707, 374-4899452. HUD did not raise any of the alleged underwriting deficiencies during or after its audits of Nutter.

290.     HUD endorsed for FHA mortgage insurance each of the loans listed in the Exhibits to the Government's Complaint (the "Complaint Loans").  All of the borrowers for the Complaint Loans were eligible for HECM loans.  To the extent signatures were missing or incorrect and such signatures were material to HUD, HUD should not have endorsed the HECM loans for FHA insurance.  On information and belief, HUD refused to endorse for FHA insurance several of Nutter's HECMs during the Lending Time Period, indicating that it did not view the loans it did endorse as faulty or problematic.  Additionally, on information and belief, HUD did not disqualify Nutter's DE underwriters or Nutter in general from underwriting HECM loans.

291.     Because HUD endorsed each of the Complaint Loans for FHA insurance, the Government has been collecting insurance premiums on each of these loans (to the extent they have not defaulted) for between 10 and 14 years.

292.     Nutter believed during the Lending Time Period – and continues to believe – that it complied with all applicable laws, regulations, and guidance and that it consistently originated HECMs only for borrowers who were fully qualified for and eligible to participate in the HECM program.

293.     On information and belief, the Government paid every claim for FHA insurance on the Complaint Loans.  Further, the Government has not made payments for loans on which the Government has not received a claim for FHA insurance, which on information and belief constitute the vast majority of the Complaint Loans.

294.     To the extent the Government suffered any damages, they comprise only payments made under FHA insurance contracts.

295.     The Government never sought indemnification from Nutter or take any other available administrative action against Nutter on any of the Complaint Loans.

296.     Prior to filing this lawsuit, the Government conducted a multi-year investigation into Nutter's underwriting practices.  During the Government's multi-year investigation, the Government never sought indemnification, nor did it take any other available administrative action on any of the Complaint Loans.

## FIRST AFFIRMATIVE DEFENSE
### (Equitable Defenses)

The claims against Nutter are barred by the doctrines of waiver, estoppel, abandonment, consent, ratification, judicial estoppel, accord and satisfaction, and/or res judicata. Specifically, HUD's audits of Nutter's HECM underwriting during the Lending Time Period and its endorsement of Nutter's HECM loans for FHA insurance created actual or constructive knowledge of any alleged deficiencies. HUD's audits included at least four of Complaint Loans. Further, the Government never sought indemnification from Nutter, nor did it take any other available administrative action against Nutter on any of the loans that allegedly defaulted and continues to collect FHA insurance premiums on each of the loans. By having knowledge of any alleged deficiencies regarding underwriting or appraisals at the time the Government insured Nutter's

HECMs or paid out insurance claims, the Government either waived its claims, is estopped from asserting them, abandoned them, or consented to or ratified the transactions underlying the claims. Alternatively, by entering into FHA insurance contracts with full knowledge of the alleged deficiencies and paying claims under those insurance contracts, Nutter gave something to the Government in full satisfaction of the debt and therefore the Government's claims are barred by accord and satisfaction.

## SECOND AFFIRMATIVE DEFENSE
### (Statute of Limitations and/or Laches)

The claims against Nutter are barred by laches and/or the applicable statutes of limitations. HUD's audits of Nutter's HECM underwriting and its endorsement of the Complaint Loans for FHA insurance gave it actual or constructive knowledge of its claims against Nutter, which it did not pursue in court until ten years after the Lending Time Period.

## THIRD AFFIRMATIVE DEFENSE
### (Good Faith and Established Rules and Practice)

Any and all actions taken by Nutter with respect to the matters alleged in the Complaint were taken in good faith and in accordance with established industry practice, applicable laws, rules, and regulations. Any alleged non-compliance was not the result of deliberate or reckless error, but instead was merely a good-faith and excusable mistake in interpretation of HUD's vast, overlapping regime of non-binding guidelines. Nutter therefore did not act with the requisite intent under either the False Claims Act or FIRREA.

## FOURTH AFFIRMATIVE DEFENSE
### (Good Faith and/or Reasonable Reliance)

The claims in the Complaint are barred because any actions taken by Nutter with respect to the subject matters alleged therein were taken in good faith and/or in reasonable reliance upon regulatory interpretations and judgments by the Government and/or its agents and contractors upon

whom Nutter was entitled to rely. Any alleged non-compliance was not the result of deliberate or reckless error, but instead was merely a good-faith and excusable mistake in interpretation of HUD's vast, overlapping regime of non-binding guidelines. Nutter therefore did not act with the requisite intent under either the False Claims Act or FIRREA.

**FIFTH AFFIRMATIVE DEFENSE**
**(Justification and/or Excuse)**

The causes of action are barred, in whole or in part, because the Nutter conduct giving rise to such claims was justified and/or excused under the applicable programs and contracts with the United States. Specifically, HUD's endorsement of each and every Complaint Loan for FHA insurance justified or excused Nutter's conduct. The Government's own conduct, agreeing to every conduct and approving every loan at issue, justifies or excuses any alleged deficiency in Nutter's underwriting.

**SIXTH AFFIRMATIVE DEFENSE**
**(Ratification and/or Consent)**

The Government ratified, or otherwise consented to, the transactions and occurrences that are the subject of this action. Specifically, HUD endorsed each one of the Complaint Loans for FHA insurance, and thereby consented to and/or ratified the transaction associated with each loan.

**SEVENTH AFFIRMATIVE DEFENSE**
**(Lack of Damages)**

The causes of action are barred, in whole or in part, because the Government did not incur any damages. To the extent any of HECMs underwritten by Nutter defaulted, HUD had an opportunity to challenge any FHA insurance payments or seek indemnification, and in each

instance chose not to. The Government therefore cannot claim that it suffered any damages caused by Nutter.

## EIGHTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

The causes of action are barred, in whole or in part, by the failure to mitigate any damages. HUD had an opportunity to challenge any FHA insurance payments or seek indemnification, and in each instance chose not to, thereby eliminating the Government's damages.

## NINTH AFFIRMATIVE DEFENSE
### (Fifth, Sixth, and Eighth Amendments)

Any damages and/or penalties sought against Nutter that are in excess of actual damages suffered by the Government violate the Fifth, Sixth, and Eighth Amendments of the United States Constitution. Specifically, the Government's claims against Nutter involve statutory and punitive damages in excess of those allowed by the due process clause of the Fifth Amendment, the Sixth Amendment right to a speedy and public trail by an impartial jury, and the cruel and unusual punishment clause of the Eighth Amendment, in that the Government seeks tens of millions of dollars from Nutter for alleged deficiencies in transactions from which the Government suffered little to no actual damages.

## TENTH AFFIRMATIVE DEFENSE
### (Economic Loss Rule)

The Government's cause of action for breach of fiduciary duty is barred, in whole or in part, by the economic loss rule and similar doctrines that preclude recovery in tort to parties with an express contractual agreement. The Government alleges that it entered into a contract with Nutter for each of the Complaint Loans. Further, the Government's damages are purely economic, allegedly comprising only payments made under FHA insurance contracts. Therefore, the

economic nature of the Government's damages bar any recovery in tort for the Government's claim for breach of fiduciary duty.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Contributory and/or Comparative Negligence)

The common law causes of action are barred, in whole or in part, by the doctrines of contributory negligence and/or comparative negligence. Assuming HUD's allegations regarding Nutter's HECM underwriting are true, HUD itself acted negligently, at best, by endorsing the Complaint Loans for FHA insurance. HUD's own contributory and/or comparative negligence therefore removes or mitigates any damages suffered by the Government.

## TWELFTH AFFIRMATIVE DEFENSE
### (Recoupment)

The Complaint is barred in whole or in part by recoupment. Specifically, HUD's audits of Nutter's HECM underwriting during the Lending Time Period and its endorsement of Nutter's HECM loans for FHA insurance created actual or constructive knowledge of any alleged deficiencies. Nutter is therefore entitled to payment, in the form of recoupment, of any of the Government's damages for loans that it endorsed, or that were subject to an audit.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Unclean Hands and Unjust Enrichment)

The Government's claims are barred, in whole or in part, by the doctrine of unclean hands and unjust enrichment. The Government knew or should have known of the alleged deficiencies more than a decade ago, and rather than address them in a timely fashion allowed damages, allegedly trebled by the False Claims Act, to accumulate for years. The Government also failed to properly review the Complaint Loans before endorsing them for FHA insurance. Under the

doctrines of unclean hands and unjust enrichment, it would be inequitable to allow the Government to collect the recoveries it seeks after its own bad conduct.

### FOURTEENTH AFFIRMATIVE DEFENSE
#### (Intervening or Superseding Events)

If the Government has sustained any injuries or incurred any expenses (which Nutter denies), they may not be recovered, in whole or in part, due to intervening or superseding events, actors, occurrences, or conditions that were not caused by Nutter and for which Nutter is not responsible. Specifically, the Government's damages, to the extent they even exist, were caused by the spending and repayment decisions of individual borrowers, and not by any alleged flaw in Nutter's DE underwriting. The Government's damages, to the extent they even exist, were alternatively caused by appraisals that were deficient in a way that Nutter was not responsible for as a DE Underwriter.

### FIFTEENTH AFFIRMATIVE DEFENSE
#### (Assumption of Risk)

The common law causes of action are barred, in whole or in part, by the doctrine of assumption of risk. The Government approved each Complaint Loan for FHA insurance, and therefore assumed the risk that the loans might default.

### SIXTEENTH AFFIRMATIVE DEFENSE
#### (Actual or Constructive Knowledge and/or Willful Blindness)

The Government's claims are barred, in whole or in part, because it had actual or constructive knowledge of, or was willfully blind to, the misrepresentations or omissions alleged. Because the Government reviewed each of the Complaint Loans for FHA insurance, and in fact endorsed them for FHA insurance, the Government had actual or constructive knowledge of any alleged issues with Nutter's underwriting, which issues Nutter denies. Additionally, had any issues with Nutter's underwriting actually existed, HUD's audits of Nutter in and around the Lending

Time Period should have uncovered those issues. Therefore, the Government had sufficient information to review Nutter's DE underwriting during the Lending Time Period, and the Government's ignorance of any alleged issues must be the result of willful blindness.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Lack of Intent)

The FIRREA cause of action is barred, in whole or in part, because Nutter did not act knowingly, willfully, or with intent to defraud. Any alleged non-compliance was not the result of deliberate or reckless error, but instead was merely a good-faith and excusable mistake in interpretation of HUD's vast, overlapping regime of non-binding guidelines.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Lack of Misrepresentations or Omissions)

The FIRREA cause of action is barred, in whole or in part, because the statements of which the Government complains did not contain any actionable misrepresentations or omissions and all statements alleged to have been made had a reasonable basis in fact, or because any alleged misrepresentations or omissions were not material. Specifically, Nutter complied with all applicable rules and regulations, and therefore made no actionable misrepresentation or omission because its certifications were true.

## NINETEENTH AFFIRMATIVE DEFENSE
### (Exhaustion)

The causes of action are barred, in whole or in part, by the Government's failure to exhaust administrative and/or contractual remedies. For instance, the Government never sought indemnification from Nutter for FHA insurance payments on defaulted loans. The Government also never brought an action against Nutter in front of the Mortgagee Review Board for the conduct alleged in the Complaint. Therefore, to the extent the Government had administrative and/or contractual remedies, its failure to utilize those remedies bars this action.

## TWENTIETH AFFIRMATIVE DEFENSE
### (Lack of Reliance)

The causes of action are barred, in whole or in part, because the Government did not justifiably rely on the allegedly false statements and/or wrongful actions of Nutter. The Government conducted its own rigorous review of each of the Complaint Loans before endorsing them for FHA insurance. The Government also audited Nutter twice in or around the Lending Time Period. Therefore, the Government's alleged reliance on Nutter's underwriting is not justified, because it conducted it own rigorous review of the loans and of Nutter.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Lack of Materiality)

The False Claims Act causes of action are barred, in whole or in part, because some or all of the actions of which the Government complains were not material to the decision of the Government to pay claims submitted by Nutter. The Government not only endorsed each of the Complaint Loans for FHA insurance, it paid every claim for FHA insurance on those loans that did default. Any alleged deficiencies in Nutter's underwriting were therefore immaterial to the Government's decision to endorse the loans, or to pay insurance claims.

## TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Lack of Scienter)

The False Claims Act causes of action are barred, in whole or in part, because Nutter did not engage in "knowing" conduct, as defined in 31 U.S.C. § 3729(b). To the extent Nutter made any materially false representations or omissions, which Nutter denies it did, such representations or omissions were made negligently, and not knowingly or recklessly. Nutter therefore did not act with the requisite scienter under the False Claims Act.

* * *

Nutter hereby reserves the right to assert additional affirmative defenses that become known to it during the course of this action.

**PRAYER FOR RELIEF**

Nutter denies that the Government is entitled to judgment in its favor on any claim asserted.

**WHEREFORE**, Nutter requests that:

1. The Court deny all of the Government's requests for relief;

2. The Complaint be dismissed with prejudice;

3. Nutter be awarded its costs and expenses, including attorneys' fees and costs to the extent such fees and costs are recoverable; and

4. This Court grant such further additional relief to which Nutter be entitled and as may be warranted by fact, law, and equity.

Dated: December 10, 2021

Respectfully submitted,

/s/ Edward T. Kang
Edward T. Kang (D.C. Bar # 1011251)
(admitted *pro hac vice*)
Kelley Barnaby (D.C. Bar # 998757)
(admitted *pro hac vice*)
Brian D. Frey (D.C. Bar # 984631)
(admitted *pro hac vice*)
**ALSTON & BIRD LLP**
950 F St. NW
Washington, DC 20004
Tel.: 202-239-3300
Fax: 202-239-3333
edward.kang@alston.com
kelley.barnaby@alston.com
brian.frey@alston.com

Katie Jo Luningham (Missouri Bar # 68219)
Samuel P. Bragg (Texas Bar # 24097413)
(admitted *pro hac vice*)
**ALSTON & BIRD LLP**
2200 Ross Ave., Ste. 2300
Dallas, TX 75201
Tel.: 214-922-3400
Fax: 214-922-3899
katiejo.luningham@alston.com
sam.bragg@alston.com

*Attorneys for James B. Nutter & Co.*

## CERTIFICATE OF SERVICE

I hereby certify that on December 10, 2021, a copy of the foregoing **JAMES B. NUTTER & COMPANY'S AMENDED ANSWER, AFFIRMATIVE DEFENSES, & JURY TRIAL DEMAND** was served by electronic means via the Court's CM/ECF system on all counsel registered to receive electronic notices.

/s/ Edward T. Kang
Edward T. Kang (D.C. Bar # 1011251)
(admitted *pro hac vice*)
**ALSTON & BIRD LLP**
950 F St. NW
Washington, DC 20004
Tel.: 202-239-3300
Fax: 202-239-3333
edward.kang@alston.com

*Attorney for James B. Nutter & Co.*