IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:20-cv-00874-RK |
| | ) |
| JAMES B. NUTTER & COMPANY, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is Mr. Stuart Auld's pro se motion to intervene. (Doc. 122.) The motion is fully briefed. (Docs. 129, 130, 133) After careful consideration and for the reasons explained below, the motion to intervene pursuant to Rules 24(a) and (b) of the Federal Rules of Civil Procedure is **DENIED**.

### I. Background

The United States of America filed this civil action against Defendant James B. Nutter & Co., on September 25, 2020. (Doc. 1.) The Government seeks civil penalties and other damages against Defendant James B. Nutter pursuant to (1) the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA"), 12 U.S.C. § 1833a; (2) the False Claims Act ("FCA"), 31 U.S.C. §§ 3729-3733; and (3) common law claims for breach of contract and breach of fiduciary duty. (*See generally id.*) Specifically, the Government alleges that between January 1, 2008, and December 31, 2010 ("Lending Time Period"), Defendant James B. Nutter engaged in improper and fraudulent underwriting in its endorsement of the Federal Housing Administration's Home Equity Conversion Mortgages. (*See generally id.*)

Having "just became aware of this litigation on 12/16/2022" (Doc. 122 at 2, ¶ 1),[1] Mr. Auld seeks to intervene under Rule 24 of the Federal Rules of Civil Procedure.[2] Mr. Auld states that he "believes . . . that he was the 1st person to publicly expose the negligent underwriting & other wrong doings (wrongful foreclose/unlawful conversion, etc.) of Defendant [James B. Nutter] . . .

---

[1] The Court accepts as true the material factual allegations alleged in Mr. Auld's pro se motion to intervene and construes the motion in his favor. *Nat'l Parks Conservation Ass'n v. U.S. E.P.A.*, 759 F.3d 969, 973 (8th Cir. 2014).

[2] Mr. Auld filed his pro se motion to intervene on December 28, 2022.

starting back in 2012 and continuing to this day." (*Id.* at 3, ¶ 2.) Mr. Auld specifically alleges that Defendant James B. Nutter engaged in an "ill-begotten & negligent[]" origination of a "HUD Reverse Mortgage & Note on 9135 Manor Rd., Leawood, KS 66206." (*Id.*) Mr. Auld asserts he was injured by Defendant when, despite the subject property having been "at all times and still is legally deeded and owned by the Nancy N. Auld 4/27/95 1st Trust/5 children beneficiaries" and his "1st in time, 1st in right Note/Mortgage loan" as to the subject property, the property was later subject to foreclosure in 2011 (and sold in auction six years later) under a 2007 "reverse mortgage HUD/FHA insured loan" as to the subject property originated by Defendant James B. Nutter. (*Id.* at 3, ¶ 2; 11, ¶ 9.) In his reply, Mr. Auld explains that the "HECM Note and Mortgage docs" originated by Defendant James B. Nutter in 2007

> are void and/or invalid due to Nutter falsely claiming that [John W.] Auld, Sr. was never divorced from Nancy N. Auld . . . falsely claiming that Auld, Sr. was the sole owner of the property . . . and falsely claiming a 1st position lien was possible when the public records show the existence of Plaintiff/Intervenor's 1st in time, 1st in right prior lien on the subject property.

(Doc. 133 at 13.) Accordingly, based on "Defendant Nutter's improper and/or laxed and/or negligent or fraudulent underwriting practices" involving the subject property, Mr. Auld seeks to intervene in this action and recover damages based upon including: (1) "the present value of his 1st in time, 1st in right Note"; (2) "return of the subject property or . . . compensation for his . . . interest in the subject property that was improperly/negligently encumbered by Defendant Nutter"; (3) "whistleblower remuneration"; (4) "other pecuniary losses/expenses"; and (5) "other damages allowed at law or in equity including emotional distress." (Doc. 122 at 8-9, ¶ 8.)

## II. Legal Standard

Mr. Auld seeks to intervene both as a matter of right and upon request to the Court pursuant to Rule 24(a) and (b) of the Federal Rules of Civil Procedure.

First, Rule 24(a) provides:

> **Intervention of Right**. On timely motion, the court must permit anyone to intervene who:
>
> (1) is given an unconditional right to intervene by a federal statute; or
>
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Second, Rule 24(b) allows permissive intervention for individuals as follows:

2

(1) **In General**. On timely motion, the court may permit anyone to intervene who:

(A) is given a conditional right to intervene by a federal statute; or

(B) has a claim or defense that shares with the main action or a common question of law or fact.

. . .

(3) **Delay or Prejudice**. In exercising its discretion, the court must consider whether the intervention will delay or prejudice the adjudication of the original parties' rights.

In either instance, "[a] motion to intervene must be served on the parties as provided in Rule 5" and "must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Rule 24(c).

### III. Discussion

Neither the Government nor Defendant James B. Nutter argues that Mr. Auld's pro se motion to intervene is untimely. Accordingly, the Court considers whether Mr. Auld is otherwise entitled to intervene under Rule 24(a) or Rule 24(b).

#### A. Rule 24(a) – Intervention as of Right[3]

To intervene as a matter of right, a proposed intervenor must (1) point to an unconditional right to intervene granted by a federal statute, or (2) show that their claims are sufficiently related to the subject of the action or that the disposition of the action may impair or impede the proposed intervenor's ability to protect their prevailing interest.

Mr. Auld points to no federal statute granting him an unconditional right to intervene in this civil action. And in fact, federal law strongly suggests the opposite: that he has no right to intervene. For example, the False Claims Act ("FCA") only permits actions brought either by (1) the Attorney General, or (2) a private person bringing the action "for the person and for the United States Government . . . in the name of the Government." 31 U.S.C. § 3730(a) & (b). In a

---

[3] In addition to satisfying the requirements for intervention prescribed in Rule 24, in the Eighth Circuit, a proposed intervenor must also establish Article III standing to intervene in a case proceeding before a federal court. *United States v. Geranis*, 808 F.3d 723, 727 (8th Cir. 2015); *Mausolf v. Babbitt*, 85 F.3d 1295, 1299-1300 (8th Cir. 1996). Where, as here, a question of Article III standing is raised in any case, the Court would generally address the issue first as a threshold jurisdictional issue. *See City of Clarkson Valley v. Mineta*, 495 F.3d 567, 569 (8th Cir. 2007). In this particular context, however, the Eighth Circuit has recognized that "because there is an existing case or controversy between the parties to the underlying action, we may consider first whether a would-be intervenor" satisfies the requirements of Rule 24. *N.D. ex rel. Stenehjem v. United States*, 787 F.3d 918, 920 (2015). Accordingly, the Court will first consider whether Mr. Auld is entitled to intervention, or should be permitted to intervene, under Rule 24(a) or (b).

3

*qui tam* action (i.e., an FCA action brought by a private person under § 3730(b)) only the Government is permitted to intervene. § 3730(b)(5); *see also U.S. ex. Rel. Edwards v. JP Morgan Chase Bank, N.A.*, No. 13-CV-220 (JPO), 2014 WL 5508605, at *2 (S.D.N.Y. Oct. 31, 2014) (denying third party's motion to intervene in FCA civil action); *Webster v. United States*, No. 99-1485, 2000 WL 962249, at *2 (4th Cir. July 12, 2000) (holding private party not entitled to intervene in Government's FCA lawsuit); *U.S. ex rel. LaCorte v. Wagner*, 185 F.3d 188, 192 (4th Cir. 1999) (holding that "the FCA prohibits intervention by any person other than the government"). Neither does Mr. Auld identify – nor is the Court aware of – any provision relating to the Government's FIRREA claim under which Mr. Auld is unconditionally entitled to intervene. Mr. Auld has identified no federal law that unconditionally entitles him to intervene in this action.

In addition, Mr. Auld has also failed to demonstrate how (1) the claims he seeks to assert against Defendant James B. Nutter are related to the subject of this action, or (2) how the disposition of this action would impair or impede his ability to otherwise pursue any such claim he may have against Defendant James B. Nutter.

At issue in this case is Defendant James B. Nutter's underwriting and endorsement of Federal Housing Administration Home Equity Conversion Mortgages between January 1, 2008, and December 31, 2010. Mr. Auld has not demonstrated any interest in this subject matter and essentially would expand the relevant time and potentially the types of mortgages implicated in Defendant James B. Nutter's alleged negligent or improper underwriting. Furthermore, Mr. Auld has not shown how resolution of this action would in any way impair or impede his ability to otherwise protect his rights and to recover against Defendant James B. Nutter for the alleged wrong in another civil action or otherwise. *See Jones v. Casey's Gen. Stores, Inc.*, No. 4:07-cv-00400, 2010 WL 11614139, at *6 (S.D. Iowa Feb. 18, 2010) (recognizing "numerous decisions that have rejected intervention of right where a party has another avenue available to it through which it may seek protection of its purported interest") (quotation marks omitted) (collecting cases). Indeed, Mr. Auld's filings indicate that he has actively pursued numerous legal actions in various courts involving the same subject matter he raises in his motion to intervene in this case.

Accordingly, after careful consideration, the Court does not find that Mr. Auld is entitled to intervention as a matter of right under Rule 24(a).

### B. Rule 24(b) – Permissive Intervention

Because the Court finds that Mr. Auld is not entitled to intervene as a matter of right under Rule 24(a), the Court turns to his second argument: that he should be permitted to intervene under Rule 24(b). Permissive intervention under Rule 24(b) relies on a satisfactory showing as to one of two conditions: (1) the proposed intervenor has a conditional right to intervene under a federal statute, or (2) the proposed intervenor has a "claim or defense that shares with the main action a common question of law or fact." Rule 24(b)(1). In either case, the Court must also consider "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Rule 24(b)(3). Indeed, undue delay or prejudice to the existing parties is the "principal consideration" whether a proposed intervenor should be allowed to intervene under Rule 24(b). *S.D. ex rel. Barnett v. U.S. Dep't of Interior*, 317 F.3d 783, 787 (8th Cir. 2003) (citations omitted).

Mr. Auld identifies no federal statute under which he has a conditional right to intervene in this lawsuit. In addition, Mr. Auld's claims do not share a common question or law or fact with the claims asserted in the instant case. This case concerns Defendant James B. Nutter's underwriting practices between January 2008 and December 2010. To the extent Mr. Auld has a claim concerning Defendant James B. Nutter's underwriting practices pertaining to its endorsement of Home Equity Conversion Mortgages insured by the Federal Housing Administration, his claim arose prior to this relevant period. If Mr. Auld were permitted to intervene, the Court finds that the expanded issues and necessary discovery that would be required would unduly delay these proceedings and prejudice the parties in this case, with fact discovery due by March 31, 2023, expert discovery due by September 29, 2023, and dispositive motions due October 30, 2023. This case has been pending for almost two and a half years, and discovery is due to be completed in just a few months' time. Accordingly, the Court does not find that Mr. Auld should be permitted to intervene under Rule 24(b).

### IV. Conclusion

Therefore, Mr. Auld's pro se motion to intervene under Rule 24(a) or Rule 24(b) (Doc. 122) is **DENIED**.

**IT IS SO ORDERED**.

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: February 7, 2023