IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 4:20-cv-00874-RK |
| JAMES B. NUTTER & COMPANY, | ) ) ) |
| Defendant. | ) ) |

# ORDER

On February 7, 2023, the Court denied Mr. Stuart Auld's pro se motion to intervene under Rules 24(a) and (b) of the Federal Rules of Civil Procedure. (Doc. 136.) Before the Court is Mr. Auld's pro se motion to reconsider. (Doc. 137.)

The Federal Rules of Civil Procedure do not expressly contemplate a "motion to reconsider." *Discount Tobacco Warehouse, Inc. v. Briggs Tobacco & Specialty Co., Inc.*, No. 3:09-CV-05078-DGK, 2010 WL 3522476, at *1 (W.D. Mo. Sept. 2, 2010) (citation omitted). Rule 60(b) provides that "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect . . . [or] any other reason that justifies relief." Rule 60(b)(1) & (6). In any case, motions to reconsider "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence"; motions to reconsider may not be used "to tender new legal theories for the first time." *Arnold v. ADT Sec. Servs., Inc.*, 627 F.3d 716, 721 (8th Cir. 2010) (citations and quotation marks omitted). Moreover, relief on reconsideration under Rule 60(b) has been recognized as an "extraordinary remedy" that is "justified only under exceptional circumstances." *Prudential Ins. Co. of Am. v. Nat'l Park Med. Ctr., Inc.*, 413 F.3d 897, 903 (8th Cir. 2005) (citation and quotation marks omitted).

Mr. Auld primarily argues that the Court erred in denying leave to intervene under Rule 24(a) to the extent Plaintiff "has found several federal statutes that allow him an 'unconditional right to intervene,'" including 11 U.S.C. § 1109(b). (Doc. 137 at 2, ¶ 4.) First, the Court notes that this is not a proper argument for reconsideration if only because Mr. Auld cannot simply raise new legal arguments or theories that he could have (but did not) raise in his initial motion to intervene. Regardless, the Court notes that § 1109(b) does not allow Mr. Auld any statutory right

to intervene in this case. Section 1109(b) states: "A party in interest, including the debtor, the trustee, a creditor's committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may raise and may appear and be heard on any issue *in a case under this chapter*" (emphasis added). Because this is not a Chapter 11 bankruptcy case, § 1109(b) does not apply, and does not give Mr. Auld any statutory right to intervene in this non-bankruptcy action. After careful review and consideration of the remainder of Mr. Auld's pro se motion for reconsideration, the Court does not find Mr. Auld has identified any extraordinary manifest error of law or fact to warrant reconsideration in this instance. Mr. Auld's pro se motion for reconsideration (Doc. 137) is accordingly **DENIED**.

    **IT IS SO ORDERED**.

                                              s/ Roseann A. Ketchmark
                                              ROSEANN A. KETCHMARK, JUDGE
                                              UNITED STATES DISTRICT COURT

DATED: February 23, 2023